43 | 579
43 | 584

EXETER NATIONAL BANK v. WILLIAM J. ORCHARD.

FILED JANUARY 17, 1895.    No. 5825.

1. **Usury:** ACTION TO RECOVER PENALTY. The payment of a usurious loan made by a national bank is not a condition precedent to the right of the borrower to maintain an action against such bank to recover double the amount of usurious interest paid by such borrower to such bank on such loan. *First Nat. Bank of Dorchester v. Smith*, 36 Neb., 199, reaffirmed.

2. **Venue:** WAIVER OF OBJECTION TO SUIT IN WRONG COUNTY. That a corporation has been sued in a county in which it could not be lawfully sued under the statute is a defense which such corporation may waive; and if a corporation is wrongfully sued in a county and answers generally to the merits of the action without either specially appearing and challenging the jurisdiction of the court or without alleging as a defense to the action that such suit was wrongfully brought in said county, then the corporation will be conclusively presumed to have waived such defense.

3. The evidence in this case examined, and *held* to support the finding of the district court.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J.

*E. A. Gilbert,* for plaintiff in error.

*Sedgwick & Power, contra.*

RAGAN, C.

William J. Orchard sued the Exeter National Bank of Exeter in the district court of Fillmore county to recover double the amount of certain payments of interest which he alleged he had made to said bank within two years prior to the date of the bringing of said suit for the use of certain moneys loaned to him by the bank. Orchard had a verdict and judgment and the bank prosecutes to this court a petition in error.

1. To the first petition filed by Orchard the bank interposed a demurrer which was sustained by the court, and thereupon Orchard, by permission of the court, filed an amended petition. After the amended petition was filed, counsel for the bank then objected to the jurisdiction of the court over the bank, alleging as the grounds for such objection that the amended petition was not in fact an amendment of the original petition, but that the causes of action stated in the amended petition were not in fact the same

causes of action stated in the original petition. The district court overruled this objection, and this is the first error assigned here. This assignment cannot be sustained. An inspection of the record brought here shows that the amended petition declares upon the same causes of action which the original petition did, though in a somewhat different form.

2. The second error assigned is that the district court erred in not requiring Orchard to allege in his amended petition that the causes of action therein stated were identical with the causes of action alleged in his first petition. It must suffice to say that the district court did not err in refusing to compel Orchard to put such an allegation in his amended petition.

3. The third assignment is that the court erred in receiving evidence offered by Orchard in support of each of the causes of action set out in his amended petition on which the action was tried, because the facts stated in each of said alleged causes of action did not constitute a cause of action in favor of Orchard and against the bank. This assignment of error cannot be sustained. There are, in the petition on which the action was tried, something over thirty different causes of action, but they are not separately stated and numbered as required by section 93 of the Code of Civil Procedure. Counsel for the bank, if he desired it done, should have made application to the district court for an order compelling Orchard to separately state and number the several causes of action in his petition. This being done, counsel for the bank would then have been in a position to demur to or strike at any alleged cause of action in the petition on the ground that the facts therein stated were insufficient to constitute a cause of action, or to object on the trial to the introduction of any evidence in support of such cause of action on the ground of the insufficiency of the facts therein stated; and, if dissatisfied with the ruling of the court on such motion, demurrer

or objection, could have specially assigned the ruling as an error here; but the assignment under consideration amounts to nothing more than saying that the court erred in the admission of evidence offered on behalf of Orchard, and such assignment of error is too indefinite for consideration.

4. It is argued that the judgment of the district court is contrary to the law of the case because Orchard neither pleaded nor proved that he had paid and discharged the loans made to him by the bank, and on which loans he had paid the usurious interest, to recover double which he brings this suit. The act of congress on which this action is based provides, in substance, that in case a national bank shall charge a person for the use of a loan of money made by the bank to such person a greater rate of interest than that allowed by the law of the state of the bank's domicile, and such person shall pay to the bank such usurious interest, that he may recover from the bank twice the amount of the unlawful interest so paid at any time within two years after paying such interest. The object of this act was to deter national banking associations from violating the interest laws of the state of their domicile, and to punish them for a violation of such law. We know of nothing in the act of congress which, by any reasonable construction, could be held to imply that a party's right of action against a national bank to recover twice the amount of usurious interest paid the bank for the use of a loan of money made to him by the bank depended on his first paying the principal of the usurious loan; nor have we been cited to, or been able to find, any decision of any court which so holds. We therefore conclude that the payment of a usurious loan made by a national bank to a person is not a condition precedent to the right of such person to maintain an action against such bank to recover double the amount of usurious interest paid to the bank by him on such loan. (*First Nat. Bank of Dorchester v. Smith,* 36 Neb., 199.)

5. The final assignment of error is that the evidence does not show that the plaintiff in error was a resident of, or situated in, the county in which the action was tried. That a corporation has been sued in any county in which it could not be lawfully sued under the statute is a defense which such corporation may waive; and if a corporation is wrongfully sued in a county, or sued in a county where it could not lawfully be sued, and such corporation answers generally to the merits of such action without either specially appearing and challenging the jurisdiction of the court, or without alleging as a defense to the action that such suit cannot lawfully be brought against it in the county where brought, then such defense cannot be made for the first time in this court, but the corporation will be conclusively presumed to have waived such defense.

There is no error in the record, and the judgment of the district court is

AFFIRMED.