## McCOLLUM, TRUSTEE IN BANKRUPTCY, *v.* HAMILTON NATIONAL BANK.

No. 342. Argued January 31, 1938.—Decided February 28, 1938.

*Messrs. Joseph W. Thompson* and *Joseph B. Roberts* for petitioner.

*Mr. C. W. K. Meacham,* with whom *Mr. J. B. Sizer* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Section 5197, Revised Statutes,[1] governs the rates of interest to be taken by national banking associations and

---

[1] 12 U. S. C., § 85.

246

§ 5198 [2] declares that the receiving of a rate of interest greater than that allowed, when knowingly done, shall be deemed a forfeiture of the entire interest and provides that, in case a greater rate has been paid, the person paying it may recover back twice the amount, in a suit in the nature of an action of debt. Petitioner is trustee in bankruptcy of Lookout Planing Mills, a corporation. He brought this suit under § 5198 in the chancery court of Hamilton County, Tennessee, to recover from respondent the penalty imposed by that section. Respondent answered denying liability, and by cross-bill alleged the bankrupt owed it $25,493.70 on notes, and prayed that it be allowed to set off its claim against any judgment that petitioner might obtain. Petitioner's answer to the cross-bill asserted that recovery of the penalty did not depend on payment of the debt.

The chancellor found that the bankrupt paid and respondent knowingly received $5,235.55 as interest based on a rate in excess of that permitted and gave him judgment for double that amount. He ruled that after judgment petitioner's claim was subject to set-off and ordered that the amount awarded him be applied as a credit upon the debt. The state supreme court held the set-off permissible under the Bankruptcy Act, § 68 (a), and expressly authorized by § 8769 of the Tennessee Code and

[2] 12 U. S. C., § 86: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: *Provided,* That such action is commenced within two years from the time the usurious transaction occurred."

declared that petitioner would be required to do equity by having his claim credited on the larger one owing to the respondent by the bankrupt.

The question is whether respondent is entitled to have the amount of the judgment for penalty credited on its claim against the bankrupt estate.

When the bank knowingly received illegal interest, it immediately became liable for, and the borrower became entitled to recover from it, a penalty of twice the amount of the interest thus paid. *Farmers' & Mechanics' National Bank* v. *Dearing,* 91 U. S. 29. *Lake Benton First National Bank* v. *Watt,* 184 U. S. 151. Upon petitioner's appointment as trustee in bankruptcy, the bankrupt's right to recover the penalty vested in him. Bankruptcy Act, § 70 (a), 11 U. S. C. § 110 (a). *First National Bank* v. *Lasater,* 196 U. S. 115, 118. *Reed* v. *American-German Nat. Bank,* 155 Fed. 233. The penalty is to be enforced according to the terms of the statute. Guilt being established, the law itself fixes the punishment at precisely twice the usurious exaction paid; it may not be enhanced or mitigated because of aggravating circumstances or equitable considerations. As the sum demanded is certain, recovery in an action of debt is authorized, though the claim arises not in contract but in tort. *Chaffee & Co.* v. *United States,* 18 Wall. 516, 538. The liability can only be enforced in an action "brought specially and exclusively for that purpose,—where the sole issue is the guilt or innocence of the accused, without the presence of any extraneous facts which might confuse the case." *Barnet* v. *National Bank,* 98 U. S. 555, 559. One paying a national bank usurious interest and entitled to enforce the penalty may not recover it by way of set-off in a suit brought upon his note to the bank. *Haseltine* v. *Central Bank,* 183 U. S. 132, 137. *Barnet* v. *National Bank, supra. Dreisbach* v. *National Bank,* 104 U. S. 52. *Stephens* v. *Monongahela Bank,* 111 U. S. 197.

See *Schuyler National Bank* v. *Gadsden,* 191 U. S. 451, 456.

Reasons, at least as cogent as those that uphold that rule, support the contention that the state court erred in permitting respondent to credit the amount of petitioner's judgment for penalty upon the notes given it by the bankrupt. To allow respondent to satisfy the judgment for penalty by mere deduction from its claim against the bankrupt's estate is to detract from the punishment definitely prescribed. The sentence specifically required by the law may not be cut down by implication, set-off or construction; for that would narrow the statute and tend to defeat its purpose. See *United States* v. *Wiltberger,* 5 Wheat. 76, 95. *Fasulo* v. *United States,* 272 U. S. 620, 628.

The right of set-off here involved does not at all depend upon the Tennessee statute upon which, at least in part, the state supreme court rested its ruling. Sections 5197 and 5198, Revised Statutes, define petitioner's right to recover, and respondent's liability for, the penalty; the Bankruptcy Act governs liquidation and distribution of the bankrupt's estate. It results that the validity of the challenged provision of the decree depends upon the right of set-off in bankruptcy. Bankruptcy Act, § 68 (a), 11 U. S. C. § 108 (a). Cf. *Yates* v. *Jones National Bank,* 206 U. S. 158, 179. *Farmers' & Mechanics' National Bank* v. *Dearing, supra. McDaniel National Bank* v. *Bridwell,* 74 F. (2d) 331.

Section 68 (a) declares: "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed and paid." The words "debts" and "credits" as there used are correlative. What is a debt on one side is a credit on the other. *Libby* v. *Hopkins,* 104 U. S.

303, 309. Liability for the penalty does not arise in contract but is laid *in invitum* as a disciplinary measure. Nor does the judgment determining the extent of guilt and declaring sentence change the liability for penalty to one for debt. *Chase* v. *Curtis,* 113 U. S. 452, 463–464. *Boynton* v. *Hall,* 121 U. S. 457, 465–466.

As the penalty may be enforced only in a suit brought exclusively for that purpose so that the trial of guilt or innocence may not be embarrassed by any other question, it is plain that the payment of any debt owed by the plaintiff to the bank may not be held a condition precedent to the determination of that issue. Punishment for usury does not depend upon payment of the borrower's debt. It follows that respondent is not entitled to satisfy petitioner's judgment by deducting the amount of it from respondent's claim against the bankrupt's estate. *Meredith* v. *American National Bank,* 127 Tenn. 90, 94; 153 S. W. 479. *Exeter National Bank* v. *Orchard,* 43 Neb. 579, 582; 61 N. W. 833. *Morehouse* v. *Second National Bank,* 30 Hun 628. Reason, well supported by authority, requires that the penalty for usury so specifically prescribed shall be paid according to the terms of the statute.

*Reversed.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.