**Howard NEWTON, Plaintiff-Appellant,**

v.

**BENEFICIAL FINANCE COMPANY OF NEW ORLEANS, Defendant-Appellee.**

No. 75–4339.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1977.

John F. Robbert, New Orleans, La., for plaintiff-appellant.

Plauche F. Villere, Jr., New Orleans, La., for defendant-appellee.

Before GODBOLD and CLARK, Circuit Judges, and HOFFMAN,* District Judge.

GODBOLD, Circuit Judge.

The sole issue in this case is whether a debt discharged in bankruptcy may be set off against a claim under Title I of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.* (Truth in Lending), and arising out of that debt. We hold that it may not.

The appellee Beneficial Finance loaned the appellant Newton $672. Newton later went into bankruptcy owing Beneficial approximately $612. Newton listed the money owed to Beneficial on his schedule of debts and listed as an asset of his estate a claim against Beneficial for violation of Truth in Lending provisions. The trustee

---

* Senior District Judge of the Eastern District of Virginia, sitting by designation.

in bankruptcy abandoned the claim, and it reverted to the bankrupt. After Newton's discharge in bankruptcy, including discharge of the debt owed to Beneficial, Newton brought suit against Beneficial on his Truth in Lending claim. The district judge granted summary judgment on the grounds that under Louisiana law the discharged debt was a "natural obligation" that could be set off against Newton's Truth in Lending claim and that it far exceeded that claim.

There is no case law or legislative history on whether a debt discharged in bankruptcy may be set off against a Truth in Lending claim, but there is analogous case authority which strongly suggests that it may not be used to offset such a claim. In *McCollum v. Hamilton National Bank*, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819 (1938), the Supreme Court held that, as a matter of federal law, a debt discharged in bankruptcy could not be used to offset a penalty, imposed by federal statute, against a national bank for taking usurious interest. As several courts have recognized, there is a strong similarity between a Truth in Lending cause of action and a usury action. *In re Dunne*, 407 F.Supp. 308, 310 (D.R.I.,1976); *Porter v. Household Finance Corp.*, 385 F.Supp. 336, 344–45 (S.D.Ohio, 1974). Beneficial attempts to distinguish *McCollum* in two ways. First, it claims that the recovery provisions of Truth in Lending are remedial, whereas, the statute involved in *McCollum* was primarily punitive. While a few courts have held that Truth in Lending is remedial, this view was explicitly rejected by this court in *Sellers v. Wollman*, 510 F.2d 119 at 122 (CA5, 1975). Moreover, after the 1974 amendment to Truth in Lending the position of the appellee is even less tenable since § 130 of the Act, 15 U.S.C. § 1640(a), now permits a party to recover both actual damages and an amount equal to twice the finance charge. It is difficult to see how the latter amount could be anything but a statutory penalty.

The second distinction raised by Beneficial is that penalties for usurious interest by national banks are not allowed to be set off against claims on the underlying debt. Even if this is the correct rule, it supports the position of the appellant rather than of Beneficial, since after the 1974 amendments to Truth in Lending a party may not use as a set off in a suit on the underlying debt a claim (as opposed to a judgment) for the amount for which a creditor is liable under § 130(a)(2) of the Act. 15 U.S.C. § 1640(h).[1] Thus, the distinctions offered by Beneficial are unpersuasive and we conclude that this case is controlled by *McCollum.*

In sum, we hold that under the authority of *McCollum v. Hamilton National Bank, supra,* a debt discharged in bankruptcy may not be used to offset a Truth in Lending claim arising out of the same debt. The judgment of the district court must be reversed.

REVERSED and REMANDED.

---

1. The party may however, at least in theory, set off a claim for actual damages under § 130(a)(1), 15 U.S.C. § 1640(a)(1).