Ralph W. SMITH, Plaintiff-Appellant,

v.

SOUTH SIDE LOAN COMPANY, Defendant-Appellee.

No. 76–2108.

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1978.

Robert E. Steele, Jr., Macon, Ga., for plaintiff-appellant.

W. Carl Reynolds, Macon, Ga., D. Lake Rumsey, Jr., Atlanta, Ga., for defendant-appellee.

Before BROWN, Chief Judge, THORN-BERRY and MORGAN, Circuit Judges.

PER CURIAM:

Plaintiff Ralph Smith filed an action in the United States District Court for the Middle District of Georgia charging a violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. The district court in a bench trial, ruled in favor of the defendant. Plaintiff filed an appeal, but before this appeal was heard, plaintiff reached a settlement with defendant in which he agreed to drop the suit against defendant in exchange for defendant renewing his loan. Plaintiff accordingly directed his attorney, Robert Steele, Jr., to stop all proceedings, including this appeal, against the defendant. The attorney, however, refused to do this and submitted a brief, as well as appearing at oral argument. He contended that on the merits the district court's judgment conflicts with applicable Fifth Circuit precedent and should be reversed.

■  Defendant argues that plaintiff's attorney is not a party to the suit and, therefore, has no standing to proceed with this action. The attorney contends, however, that he had a contingent fee agreement with his client and that this potential attorney's fee, payable if he wins on the merits on appeal, provides him with a recognizable interest in the case sufficient to accord him standing.

■  We agree with defendant that Mr. Steele is not a party to this case and, thus, has no standing to continue this suit. In *Data Processing Service v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970), the Supreme Court articulated a two-pronged test to determine standing. Thus, a person asserting standing must show (1) that the challenged action has caused him injury in fact and (2) that if injury in fact is shown, that interest sought to be protected by the petitioner is within the zone of interests to be protected by the relevant statute. 397 U.S. at 152–53, 90 S.Ct. at 829–830, 25 L.Ed.2d at 187–88. *See also Korioth v. Brisco,* 523 F.2d 1271 (5th Cir. 1975); *Persner v. Eastern Air Lines, Inc.,* 453 F.2d 916 (5th Cir. 1974). Clearly, an attorney's interest in recovering a contingent fee is not within the zone of interests protected by the Truth-in-Lending statute. Also, while 15 U.S.C. § 1640(a)(2) does allow a court to award attorney's fees to a successful party, such an award is the right of the party suing not the attorney representing him. Therefore, this provision does not accord the attorney a "party" status. We are sympathetic to Mr. Steele's plight. That is, he prepared his client's case for trial and had a good chance of obtaining a reversal of the district judge's order on an appeal of the case on its merits. Yet, through no fault of his own, his client, upon the entreaty of the defendant foolishly circumvented his own counsel and negotiated a settlement with the defendant. Yet, while we disapprove of the defendant's questionable conduct * in this case and of the plaintiff's failure to consult his counsel before he entered into a

* The extent of the participation of defendant's counsel in this transaction is unclear.

settlement, we are nevertheless compelled to dismiss the appeal because Mr. Steele has no standing in the case.

DISMISSED.