**Jerry Jesse GRAHAM, et al, Plaintiffs,**

v.

**The BANK OF DAMASCUS, INC., Defendant.**

**No. 80–0202–A.**

United States District Court, W. D. Virginia, Abingdon Division.

Dec. 16, 1981.

Jay Cooke, Legal Aid Society, Abingdon, Va., for plaintiffs.

Frederick C. Boucher, Abingdon, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The plaintiffs filed this action on June 26, 1980 to recover damages which resulted

from the defendant's failure to make certain required disclosures in a consumer credit transaction pursuant to the Consumer Credit Protection Act (Truth in Lending Act), 15 U.S.C. § 1601, *et seq.* Jurisdiction of this court attaches pursuant to 15 U.S.C. § 1640(e).

The defendant filed an amended answer on May 1, 1981 admitting that the defendant had committed a technical violation of the disclosure requirements of 15 U.S.C. § 1639 and admitting liability to the plaintiffs in the amount of $345.00. Defendant further admitted that the plaintiffs were entitled to reasonable attorney's fees under the terms of the Consumer Credit Protection Act.[1]

On August 31, 1981, this court entered an Order granting the plaintiffs summary judgment in the amount of $405.00, which consisted of $345.00 for the Consumer Credit Protection Act liability and $60.00 court costs. However, the defendant was granted summary judgment offsetting said judgment against a state court judgment previously obtained by the defendant against the plaintiffs.

The questions presented to the court on cross motions for summary judgment are whether any attorney's fees should be awarded and if they are so awarded, whether they are also subject to being offset by the defendant's state court judgment against the plaintiff.

■ The court notes at the outset that it is sympathetic to the defendant's position since the plaintiffs have had the defendant's state court judgment against them discharged in bankruptcy. However, this court is bound by the pleadings, and the defendant has admitted liability for reasonable attorney's fees and has not sought to amend its answer to deny such liability. Therefore, this court holds that the plaintiffs are granted summary judgment in the amount of $143.75, the amount requested by the plaintiff's attorney in his original petition for attorney's fees filed on July 27, 1981. The plaintiffs are entitled to said attorney's fees even though the attorney is a staff attorney for the Southwest Virginia Legal Aid Society. *See Doggett v. Ritter Finance Co., Inc. of Louisa*, 384 F.Supp. 150 (W.D.Va.1974), *modified on other grounds*, 528 F.2d 860 (4th Cir. 1975); *Jones v. Seldon's Furniture Warehouse, Inc.*, 357 F.Supp. 886 (E.D.Va.1973).

Since the question of attorney's fees is resolved in the plaintiff's favor, the court must address the question of whether these fees may be offset against the defendant's state court judgment rendered against the plaintiffs. The court finds that said fees may not be offset for two distinct and unrelated reasons.

■ The first reason that these fees may not be offset is because the state court judgment against the plaintiffs has been discharged in bankruptcy. This discharge became final on or about September 4, 1981. A discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or *offset* any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2) (emphasis added). Therefore, the defendant is no longer able to pursue offsetting its debt against the debt of the plaintiffs.

The defendant urges the court to adopt the test enunciated in *Binnick v. Avco Financial Services of Nebraska*, 435 F.Supp. 359 (D.Neb.1977) to determine whether the debt of plaintiff may be offset against the debt of defendant. The court declines to do so for two reasons. First, the decision in *Binnick* was based upon the old Bankruptcy Act and the new Act specifically prohibits such an offset. *See* 11 U.S.C. § 524(a)(2). Second, the court finds the rationale of *Newton v. Beneficial Finance Co. of New Orleans*, 558 F.2d 731 (5th Cir. 1977) more persuasive. The court in *Newton* found that a Truth in Lending recovery was punitive and not remedial as the *Binnick* court had found. *Newton*, 558 F.2d at 732. Since

---

1. 15 U.S.C. § 1640(a)(3) provides that in any successful action to enforce liability for disclosure violations, the defendant is also liable for the costs of the action and reasonable attorney's fees as determined by the court. .

the Supreme Court in *McCollum v. Hamilton National Bank*, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819 (1938) had held that a debt discharged in bankruptcy could not be used to offset a penalty imposed for usury, the Fifth Circuit felt compelled to hold that "a debt discharged in bankruptcy may not be used to offset a Truth in Lending claim arising out of the same debt." *Newton, id.* This court agrees with the Fifth Circuit and holds that the defendant is not allowed to offset its liability on the Truth in Lending claim against the debt of the plaintiff which has been discharged in bankruptcy.

However, the situation would not be any different if the original state court judgment had not been discharged in bankruptcy. This court finds the holding and analysis of *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357, 1365–66 (5th Cir. 1979) persuasive. In *Plant*, the court held

> that in a truth-in-lending action an award of attorney's fees is not subject to setoff against the debtor's outstanding debt to the creditor. No discretion is available to the trial court in this matter and the attorney is entitled to the fee that is awarded him regardless of any controversy regarding the underlying debt.

*Id.* at 1365. As a practical matter, without such a holding "many potential truth-in-lending plaintiffs are either unable to afford an attorney or unable to justify the expense of an attorney." *Id.* at 1365–66. Moreover, "[t]o allow a setoff would in effect relieve creditors in violation of the Act of the attorney's fee expense in the case of an insolvent debtor. Such a result would thwart the statute's individual enforcement scheme and its remedial objectives." *Id.* at 1366.

The defendant urges the court not to adopt the *Plant* rationale. The defendant argues that the words "liable to such person" in the Truth in Lending Act, 15 U.S.C. § 1640(a), make any award under the Act personal to the debtor. Therefore, attorney's fees should not be treated differently from the award of actual damages.

The defendant also relies on *Smith v. South Side Loan Company*, 567 F.2d 306 (5th Cir. 1978). *Smith* involved an attorney whose truth in lending client had settled with the creditor and the attorney was suing the creditor for his fee. *Id.* at 307. The court held that the attorney had no standing to sue for his fee because the statute did not make him a party to the action. *Id.* However, *Smith* did "not negate the principle that the fee once awarded becomes in effect an asset of the attorney, not the client." *Plant*, 598 F.2d at 1366.

While this court agrees that the attorney's fees are awarded to the plaintiff, it cannot agree that the fee should then be subject to setoff. To allow such a setoff would effectively make Truth in Lending claims unavailable to insolvent debtors. This court agrees with the court in *Plant* and rejects such an outcome. *Plant*, 598 F.2d at 1366.

This court holds that the attorney's fee awarded in this action is not subject to setoff against the defendant's state court judgment against the plaintiff.

Accordingly, the plaintiffs' motion for summary judgment is hereby granted in the amount of $143.75 and the defendant's motion for summary judgment is denied.