**In re Lee BORKMAN, Esther Lee Borkman, Debtors.**

**Lee BORKMAN and Esther Lee Borkman, Plaintiffs,**

**v.**

**U. S. PIPE AND FOUNDRY COMPANY, Defendant.**

**Bankruptcy No. 1–81–00395. Adv. No. 1–81–00564.**

United States Bankruptcy Court, E. D. Tennessee.

Feb. 17, 1982.

Dale Clifton Barnes, Chattanooga, Tenn., for plaintiffs.

J. E. Gervin, Jr., Chattanooga, Tenn., for defendant.

MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

In this adversary proceeding the debtor, Lee Borkman, alleges the wrongful withholding of funds by his former employer, U. S. Pipe and Foundry Company, in violation of the automatic stay of 11 U.S.C.

§ 362(a)(7).[1] Debtor further alleges that the withholding also violated 11 U.S.C. § 553(a).[2]

Defendant's answer denies that any funds owing to Lee Borkman were withheld and further denies violation of either section of the Bankruptcy Code.

Defendant asserts that any severance pay to salaried employees, such as Mr. Borkman, is discretionary. It denies that there was ever a debt for severance pay owing to Mr. Borkman. The withholding, under these circumstances, allegedly would not be subject to the automatic stay provided in Section 362 or the setoff provision of Section 553.

### Facts

Lee Borkman and his wife filed a voluntary petition for relief under 11 U.S.C., Chapter 7 on February 24, 1981. Before bankruptcy Mr. Borkman was indebted to U. S. Pipe for payroll advances, locally referred to as "doughballs", in the amount of $4,650.00. On March 11, 1981, Mr. Borkman was terminated *for cause* by U. S. Pipe.

Severance pay was sent to Mr. Borkman on March 31, 1981 in the amount of $1,342.17, and was based on the following accounting:

| | | |
|---|---|---|
| Salary for March thru last day worked (3–11–81) | — $ | 468.40 |
| Pay for 7 days' vacation not taken for '81 | — | 416.14 |
| 5½ months' severance pay, payable at discretion of company | | 7,084.00 |
| GROSS AMOUNT | — $ | 7,968.54 |
| Federal withholding tax | — | 1,443.54 |
| F.I.C.A. | — | 529.91 |
| Group insurance (pro-rata) | — | 2.92 |
| Payroll advances (undisputed) | — | 4,650.00 |
| NET AMOUNT | — $ | 1,342.17 |

From the proof and the record the court finds that Mr. Borkman had no contractual right to severance pay for 5½ months in the amount of $7,084.00. Severance pay to terminated U. S. Pipe employees is payable solely at the discretion of the employer.

Mr. Borkman was entitled to and paid the amount of $468.00 for salary, and $416.14 for accrued vacation (not taken in 1981). These amounts were due and payable Mr. Borkman as a matter of right. The 5½ months severance pay was not payable to Mr. Borkman as a matter of right. It never was a debt owing by the employer to Mr. Borkman.

The amount paid Mr. Borkman in termination pay was larger by several hundred dollars than the amount of termination pay Mr. Borkman was legally entitled to.

### Conclusions of Law

▉ Plaintiffs' reliance on the stay provisions under section 362 is misplaced. The withholding made by U. S. Pipe was not " . . . the set off of any debt owing to the debtor that arose before the commencement of the case . . . " The withholding was from a discretionary payment. Even the reason for this payment arose *after* the commencement of the case.

▉ Plaintiffs' reliance on the setoff provision of Section 553(a) is also misplaced. The right to a setoff under that section must meet the test of mutuality as required in the statute; that is, something must be owed on both sides.[3] The statute also requires that the debt and claim be owed

---

1. 11 U.S.C. 362(a)(7) provides for a stay of: " . . . the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor. . . . "

2. 11 U.S.C. 553(a) recognizes the right of setoff:

   "Except as otherwise provided in this section and in sections 372 and 363 of this title, this title does not affect any rights of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the com-

mencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case. . . . "

3. In *McCollum v. Hamilton National Bank*, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819 (1938), the court found that a judgment against a national bank as a penalty for usury could not be setoff as a "mutual debt" against the debtor's estate for money loaned since no debt was "owed" by both sides.

prior to filing.[4] Therefore, if no mutual debts exist prior to the commencement of bankruptcy, the provisions of section 553(a) are not relevant.

The requirements of mutuality of debt are elemental and described with precision by a leading authority on bankruptcy law, 4 Collier on Bankruptcy (15th Ed.) Section 553.04(2) follows:

"Under section 553(a) it is not necessary that the debt and claim be of the same character. As we have seen, the doctrine of setoff comprehends debts and claims arising from different transactions. Nor is it necessary that the debts and claims be for money owed the one to the other. The basic test is mutuality, not similarity, of obligation—something must be 'owed' by both sides. And, of course, in order to have a setoff under section 553(c), such debts and claims must be valid and enforceable." [5]

The withholding from the severance pay was not a setoff of a mutual debt as envisioned by section 553. The severance pay of $7,084.00 was not a debt owing either before or after commencement of the case. The automatic stay provisions of Section 362 are not violated when there is a withholding from monies not owing to the debtor.

In summary, it appears that U. S. Pipe simply took the payroll advances into account when deciding on the amount of severance pay to be paid. The severance pay was entirely discretionary and not subject to an enforceable obligation. The withholding was not a setoff within the meaning of either section 362 or 553. It was nothing more than a discretionary withholding from a discretionary payment.

Accordingly, an order will be entered denying relief to the plaintiff.

This memorandum constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.

---

**4.** See *McDaniel National Bank v. Bridwell*, 74 F.2d 351 (8th Cir. 1934) for discussion of essential elements of setoff.

**5.** 11 U.S.C.A. § 553 preserves the right to setoff in bankruptcy under former § 68. (See H.R.Rep.No.595, 95th Cong. 1st Sess. 377 (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 6333.