Ronald Lee **REESE**

v.

**BIG & LITTLE AUTO SALES, INC.,
d/b/a Auto Credit, Inc., d/b/a Michael
D. Oliver, d/b/a Auto Credit, Inc., d/b/a
Auto Credit.**

**Civ. A. No. 83–939–B.**

United States District Court,
M.D. Louisiana.

Jan. 9, 1984.

Gary M. Pendergast, Garon, Brener & McMeely, New Orleans, La., for plaintiff.

Ronnie J. Berthelot, Adcock & Dupree, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

This matter is before the Court on motion of the defendant, Big & Little Auto Sales, Inc., d/b/a Auto Credit, Inc. (hereinafter referred to as "Big & Little Auto Sales"), to dismiss for failure to state a claim upon which relief can be granted. No oral argument is required on this motion.

This action arises out of the purchase of a used 1979 Chevrolet Caprice automobile by the plaintiff, Ronald Lee Reese, from the defendant, Big & Little Auto Sales, on September 1, 1982. The purchase price of the automobile was $6,000.00. Plaintiff made a down payment of $1,500.00 and financed the remaining $4,500.00 with the defendant. On January 27, 1983, the plaintiff and his wife, Brenda K. Reese, filed a petition in the United States Bankruptcy Court, Middle District of Louisiana, seeking a discharge of their debts. The Reese's received a discharge from the Bankruptcy Court on August 25, 1983.

On August 30, 1983, the plaintiff filed this action against Big & Little Auto Sales. The plaintiff alleges that the defendant failed to provide a truth-in-lending disclosure statement, and that a portion of the total purchase price of the automobile represented a concealed or buried finance charge, in violation of the Truth-in-Lending Act, 15 U.S.C. §§ 1601 et seq. The plaintiff also contends that the bill of sale provided to him by defendant's representative, Michael D. Oliver, disclosed an odometer reading of 45,465 miles, when in fact the actual odometer reading was in excess of 48,000 miles, in violation of the Motor Vehicle Information and Cost Saving Act, 15 U.S.C. §§ 1981 et seq. Finally, the plaintiff contends that the automobile contained numerous latent defects. Thus, plaintiff seeks to maintain an action in redhibition for the rescission of the sale and payment for repair costs incurred.

The defendant has filed this motion to dismiss. After this motion was filed, Jack P. Harris, trustee for the bankruptcy estate of Ronald Lee Reese and Brenda K. Reese, in the proceeding entitled "In Re: Ronald Lee Reese and Brenda K. Reese," number 83–41, in the United States Bankruptcy Court, Middle District of Louisiana, was substituted as the plaintiff in this action.

The basis for the defendant's motion is that on May 18, 1983, the automobile which the defendant originally sold to Ronald Reese was sold back to the defendant by the trustee in bankruptcy of Ronald Reese's estate for $4,000.00. The defendant contends that all rights which the plaintiff had in the automobile were transferred to the defendant when the defendant purchased the automobile from the trustee. The defendant also contends that to allow the plaintiff to proceed after his discharge in bankruptcy would violate the due process clause of the Fifth Amendment of the United States Constitution, since the defendant, as plaintiff's creditor, is prohibited from pursuing a debtor discharged in bankruptcy.

The Court notes at the outset that the substitution of the bankruptcy trustee as the party plaintiff in this action is proper. *Riggs v. Government Employees Financial Corp.,* 623 F.2d 68 (9th Cir.1980); *Matter of Dickson,* 432 F.Supp. 752 (W.D.N.C.1977).

■  The discharge in bankruptcy of the buyer's obligations, and the judicial sale of the automobile to the creditor, do not operate to terminate the buyer's right to

assert claims under the Truth-in-Lending Act and Motor Vehicle Information and Cost Savings Act. Section 130(a) of the Truth-in-Lending Act provides, in part:

(a) Except as otherwise provided in this section, creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or . . .

15 U.S.C. § 1640(a).

The Truth-in-Lending Act does not provide a remedy in contract for the violation of its provisions. Thus, the assertion of rights under the Act's provisions is not subject to the continued ownership of the thing. Even after a buyer has lost possession of the thing, he may maintain an action under the Act's provisions for damages sustained as a result of the original purchase, and subsequent possession, of the thing. In *Sellers v. Wollman*, 510 F.2d 119 (5th Cir. 1975), the court stated: "We do not view Sect. 1640, however, as a remedy for breach of contract, designed to give the nonbreaching party the benefit of his bargain. The damage provision, providing minimum and maximum limits, is inconsistent with such a thesis. Rather, Sect. 1640 provides a 'civil penalty' ". (citations omitted). Noting that a party may not only recover actual damages under Section 1640, but also an amount equal to twice the finance charge. The Fifth Circuit has stated: "It is difficult to see how the latter amount could be anything but a statutory penalty." *Newton v. Beneficial Finance Company of New Orleans*, 558 F.2d 731 (5th Cir.1977).

■ The plaintiff in the instant action may recover these penalties regardless of whether or not he continues to own the vehicle. Thus, the defendant's contention that allowing the plaintiff to proceed against it would violate the due process clause of the Fifth Amendment of the United States Constitution is without merit. A debt discharged in bankruptcy may not be used to offset a penalty imposed by a federal statute. *McCollum v. Hamilton National Bank*, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819 (1938). This rule has also been applied in Truth-in-Lending actions. *Newton v. Beneficial Finance Company of New Orleans, supra; Riggs v. Government Employees Financial Corp., supra.* It is clear that the defendant has been accorded all the remedies available to it as the creditor of the bankrupt.

Section 409(a) of the Motor Vehicle Information and Cost Savings Act provides:

(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

15 U.S.C. § 1989.

The trustee in bankruptcy is the proper party to maintain this action under the Motor Vehicle Information and Cost Savings Act.

The Court finds that the Fifth Circuit's analysis of Truth-in-Lending claims applies with equal force to the plaintiff's claims under the Motor Vehicle Information and Cost Savings Act. The treble damages provision is clearly penal in nature. It is designed to deter those who would violate the Act's provisions "with intent to defraud," but is not "designed to give the nonbreaching party the benefit of his bargain." *Sellers v. Wollman, supra.* The recovery under such a punitive statutory provision may not be used to offset a debt discharged in bankruptcy.

Therefore:

IT IS ORDERED that the defendant's motion to dismiss for failure to state a claim upon which relief can be granted be, and it is hereby DENIED.