SILBERMAN, Judge.
Nationwide Mutual Fire Insurance Company appeals a $50,000 final judgment entered on remand in favor of Maida Solano Voigt on her claim for underinsured motorist benefits. We reverse and remand for the circuit court to set off the sanction awards totaling $23,021.60 that Voigt owes to Nationwide against the $50,000 that Nationwide owes to Voigt.
In a prior appeal, this court reversed a judgment of $440,915.49 in favor of Voigt and remanded for the circuit court to enter a final judgment in accordance with the insurance policy limits of $50,000. Nationwide Mut. Fire Ins. Co. v. Voigt, 971 So.2d 239, 240 (Fla. 2d DCA 2008). This court granted Nationwide’s motion for appellate attorney’s fees as a sanction pursuant to section 57.105, Florida Statutes (2006), and also remanded for the circuit court to determine a reasonable amount of fees. Id. at 243. The circuit court ultimately entered two judgments, awarding attorney’s fees and costs for circuit court post-judgment proceedings and for appellate proceedings as sanctions against Voigt and her attorney.
Nationwide now contends that the circuit court erred in failing to set off Voigt’s sanctions owed to Nationwide against the $50,000 Nationwide owes to Voigt in a single, net judgment. In a related appeal, this court upheld the sanction awards made pursuant to section 57.105. See Voigt v. Nationwide Mut. Fire Ins. Co., 13 So.3d 61 (Fla. 2d DCA 2009) (table decision). The sanction awards and the $50,000 judgment arise from one proceeding, and there is no reason that the sanction awards against Voigt should not be offset against the $50,000 judgment in her favor. See Lombardo v. Haige, 971 So.2d 1037, 1038-39 (Fla. 2d DCA 2008) (recognizing the propriety of setting off a separate fees and costs order in favor of the tenant against a judgment for unpaid rent in favor of the landlord); Angel Home Health Care, Inc. v. Mederi of Dade County, Inc., 696 So.2d 487, 488 (Fla. 3d DCA 1997) (reversing and remanding for entry of a net judgment rather than a judgment for damages for breach of contract in favor of the plaintiff and a separate judgment on a counterclaim for damages for fraud in favor of the defendant).
Therefore, we reverse the $50,000 judgment in favor of Voigt and remand for the trial court to enter a net judgment after setting off the $23,021.60 that Voigt owes to Nationwide from the $50,000 that Nationwide owes to Voigt.
Reversed and remanded.
ALTENBERND and VILLANTI, JJ., Concur.