**IN RE Claudia ACOSTA–GARRIGA, Debtor.**

**V. John Brook, Chapter 7 Trustee, Plaintiff,**

v.

**Chase Bank (USA), N.A., Defendant.**

**CASE NO.: 8:12–cv–0731–T–23**

United States District Court, M.D. Florida. Tampa Division

July 1, 2013

Gus M. Centrone, John Wesley Wilcox, Thomas A. Lash, Lash & Wilcox, PL, Suite 210, 4401 W. Kennedy Blvd, Tampa, FL 33609, for Plaintiff.

Fentrice Driskell, Robert M. Quinn, Carlton Fields, PA, 4221 W. Boy Scout Blvd – Ste 1000, PO Box 3239, Tampa, FL 33601–3239, for Defendant.

## *ORDER*

STEVEN D. MERRYDAY, UNITED STATES DISTRICT JUDGE

Chase Bank (USA), N.A., holds a pre-petition bankruptcy claim amounting to more than $30,000 against Claudia Acosta–Garriga. In an adversary proceeding

brought by the Chapter 7 trustee, the bankruptcy judge found that Chase, while attempting to collect the debt, violated Sections 559.72(7) and 559.72(18) of the Florida Consumer Collection Practices Act (FCCPA). Incorporating a ruling from another adversary proceeding, *Meininger v. Chase (In re Gutshall)*, 8:10–ap–977, Doc. 52 (Bankr. M.D. Fla. July 24, 2011), the bankruptcy judge awarded the trustee statutory damages of $1,000 plus attorneys' fees but refused to set off the award against Chase's claim. The denial results in Chase's paying $1,000 plus attorneys' fees to the estate rather than receiving a reduction of the claim. Chase appeals the bankruptcy judge's refusal to set off the judgment against the claim.

## DISCUSSION

The bankruptcy judge reasoned (1) that *McCollum v. Hamilton Nat'l Bank of Chattanooga*, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819 (1938), and *Newton v. Beneficial Finance Company of New Orleans*, 558 F.2d 731 (5th Cir.1977), preclude a setoff,[1] (2) that the debt and the claim lack "mutuality" as required by Florida law, and (3) that "public policy" and "the equities" disfavor setoff of FCCPA debts (or "penalties"). Although each finding of fact is reviewed for an abuse of discretion, each legal conclusion is reviewed *de novo. In re Chira*, 567 F.3d 1307, 1310–11 (11th Cir. 2009); *In re Bennett Funding Group*, 146 F.3d 136, 140 (2d Cir.1998).

 An established, practical, and preferred practice, "setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'"

*Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) (quoting *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528, 33 S.Ct. 806, 57 L.Ed. 1313 (1913)); 5 *Collier on Bankruptcy* § 553.03[3][c] (16th ed. 2013) ("In general, setoff is favored under the law in order to avoid a multiplicity of suits, added expense, inconvenience, injustice and inefficient use of judicial resources."). Section 553(a) of the Bankruptcy Code, 11 U.S.C. § 553(a), preserves setoff in bankruptcy and states, "[T]his title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case."

> [T]he best statement of modern law and practice is that, if the relevant claim and debt constitute mutual obligations within the meaning of section 553, a right of setoff should be recognized in bankruptcy unless the right is invalid in the first instance under applicable nonbankruptcy law, or unless it is otherwise proscribed by some express provision of the Code. There remains no general equitable power to disallow a valid right of setoff preserved under section 553.

5 *Collier on Bankruptcy* § 553.02[3] (16th ed. 2013). In this instance, the applicable "nonbankruptcy law" is the law of Florida. *Cf. Strumpf*, 516 U.S. at 18–19, 116 S.Ct. 286; *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Prudential of Fla. Leasing*, 478 F.3d 1291, 1298, 1299 (11th Cir.2007) ("Section 553 allows states unfettered discretion to create, eliminate, and otherwise define any rights to offset mutual debt and requires

---

**1.** *Garner's Dictionary of Legal Usage* 812 (3d ed. 2011) defines "setoff" as "the general right of a debtor to reduce the amount of a debt by any sum that the creditor owes the debtor." *Garner's* employs "setoff" in the noun form and "set off" in the verb form. This order follows *Garner's* and employs "setoff" as a noun and "set off" as a verb.

federal courts to recognize those rights."); *In re Blanton*, 105 B.R. 321 (Bankr. E.D.Va.1989); 5 *Collier on Bankruptcy* § 553.04 (16th ed. 2013).

A discussion of setoff in Florida begins with the statutory plea of setoff and the common law plea of recoupment, each of which the modern counterclaim incorporates and expands. Before the adoption of counterclaim practice, a defendant invoked the defensive plea of recoupment if the defendant's claim arose from the same transaction or occurrence as the plaintiff's claim. A defendant invoked the offensive plea of setoff even if the defendant's claim arose from a transaction or occurrence separate from the occurrence from which the plaintiff's claim arose. Unlike recoupment, which proscribed an affirmative judgment for the defendant, setoff permitted a judgment for the defendant if the defendant's entitlement exceeded the plaintiff's entitlement. In other words, the plaintiff's judgment would "set off" the defendant's judgment. *Cherney v. Moody*, 413 So.2d 866, 867–68 (Fla. 1st DCA 1982); *Buffington v. Quackenboss*, 5 Fla. 196, 197 (1853). But the setoff statute prevented the plea of setoff if the parties alleged a different legal theory, such as a claim in contract (or assumpsit) and a setoff in tort. *Matthews v. Lindsay*, 20 Fla. 962 (1884); *Hall v. Penny*, 13 Fla. 621 (1869); *Robinson v. L'Engle*, 13 Fla. 482 (1869).

In 1931 recoupment joined setoff in the Florida Statutes, and the codification explicitly eliminated the distinction between the two. Chapter 14823, Laws of Florida (1931) (creating in recoupment "the same right of recovery to the defendant ... as

pleas of setoff"); *Cherney*, 413 So.2d at 868. A decade later, the counterclaim replaced the pleas of recoupment and setoff in Section 52.11, Florida Statutes. Since 1941 and through the modernization of the procedural rules, a counterclaim has replaced the pleas of setoff and recoupment. Today, no generally applicable statutory right of setoff lingers. Instead, a defendant may plead against a plaintiff a counterclaim under Rule 1.170, Florida Rules of Civil Procedure, which resembles the 1941 statute.[2] So, "nonbankruptcy law" requires setoff (1) if Florida permits a defendant sued for a violation of the FCCPA to assert as a counterclaim the breach of contract arising from the underlying debt and (2) if, when the claimant and counter-claimant each prevail, Florida requires a judgment for the net amount of the offsetting liabilities.

First, Rule 1.170(a), Florida Rules of Civil Procedure, the "compulsory counterclaim" rule, requires a "pleading [to] state as a counterclaim any claim ... the pleader has against any opposing party, provided it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Rule 1.170(b), the "permissive counterclaim" rule, permits a "pleading [to] state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." If, outside of bankruptcy, Acosta–Garriga sues Chase for a violation of the FCCPA, Chase may assert as a counterclaim "any claim," including one to recover the debt owed by Acosta–Garriga.[3]

---

**2.** A similar evolution has occurred nationally. Although "the terms 'setoff,' 'counterclaim,' and 'recoupment' may, technically, be distinguished, such distinctions, generally, are no longer of much importance." Thomas J. Oliver & John D. Perovich, Annotation, *Right to* *Set Off Tort Claims and Contract Claims Against One Another Under § 68(a) of the Bankruptcy Act*, 34 A.L.R. Fed. 579, 582 n. 1 (1977).

**3.** A similar issue arises in federal court (1) if a plaintiff sues for a violation of the FCCPA, (2)

Second, Florida prefers the entry of a judgment—one judgment—for the net amount of the offsetting liabilities. The rule derives from common law and common sense. In *Angel Home Health Care, Inc. v. Mederi of Dade County, Inc.*, 696 So.2d 487, 488 (Fla. 3d DCA 1997), Angel Home sued Mederi—a nearly insolvent defendant—for breach of contract, and Mederi counterclaimed for fraud. The jury returned a $45,459.33 verdict for Angel Home and a $6,432 verdict for Mederi. Rather than set off the obligations, the trial judge entered a separate judgment on each verdict. In a per curiam reversal, *Angel Home* remands with instructions to set off the judgments:

> [T]he two final judgments entered in this case will result in a great injustice if, as it appears possible, Mederi is insolvent. If this is the case, Mederi would be entitled to collect on its judgment of $6,432.00 while Angel Home would be unable to collect on its greater judgment.

if the defendant invokes the district court's supplemental jurisdiction under 28 U.S.C. § 1367 and counterclaims for breach of contract to recover the plaintiff's debt, and (3) if the plaintiff moves to dismiss the counterclaim for lack of supplemental jurisdiction. The jurisdictional inquiry turns on whether the counterclaim arises "from the same case or controversy" as the fair debt collection claim, not on whether the defendant may assert a breach of contract counterclaim against a fair debt collection claim. The plaintiffs in those cases typically advance a "public policy" argument similar to the trustee's argument in this action and typically seek to dismiss the counterclaim (in favor of resolution in state court). Again, the question involves supplemental jurisdiction over the counterclaim and not whether the defendant may allege the counterclaim. Nonetheless, the "public policy" argument is regularly rejected. *Thomas v. Commercial Recovery Sys.*, 8:07–cv–1104–SDM–MAP, 2008 WL 906770 (M.D.Fla. Apr. 1, 2008) (finding jurisdiction over breach of contract counterclaim asserted against an FCCPA and an FDCPA claim);

696 So.2d at 488. "Such a result," the opinion concludes, "would be totally absurd." [4] 696 So.2d at 488.

In *Nationwide Mutual Fire Ins. v. Voigt*, 21 So.3d 895 (Fla. 2d DCA 2009), an insured obtained a $440,915.49 judgment against an insurer. The insurer appealed, and the appellate court reversed the judgment with instructions to enter a final judgment against the insured for $50,000, the applicable policy limit. The appellate court sanctioned the insured for appellate attorneys' fees and remanded to the trial court for the calculation of a reasonable fee. After the fee calculation, the trial court entered two judgments, one in favor of the insured for $50,000 in damages and one in favor of the insurer for $23,021.60. The insurer appealed and argued that the trial court "erred" by failing to enter a judgment for the net amount of the offsetting liabilities. *Voigt* reverses the entry of separate judgments and remands "for the trial court to enter a net judgment after

*Stagg v. Ford Motor Credit CSV, LLC*, 8:07–cv–1103–RAL–EAJ (M.D.Fla. July 30, 2007) (same); *cf. Bakewell v. Federal Financial Group*, 2006 WL 739807, *4 (N.D.Ga. Mar. 21, 2006) ("[T]o bar [the FDCPA defendant's breach of contract] counterclaim would be to favor one litigant's claim over another, a practice courts should not engage in.").

4. A similar result follows in bankruptcy. *Krajci v. Mt. Vernon Consumer Discount Co.*, 16 B.R. 464, 465 (Bankr.E.D.Pa.1981) ("The allowance of a [setoff] here merely recognizes the injustice resulting from compelling a creditor to pay the bankrupt estate the full value of a claim owed while, at the same time, requiring the creditor to forfeit a claim due from the debtor."). Stephen L. Sepinuck, *The Problems with Setoff: A Proposed Legislative Solution*, 30 WM. & MARY L. REV. 51, 67 (1988) ("If setoff were not permitted . . . , the solvent party might never collect the debt owed him but would still have to pay the debt he owes. This unfair result is precisely what underlies the existence of setoff rights in bankruptcy.").

setting off the $23,021.60 that [the insured] owes to [the insurer] from the $50,000 that [the insurer] owes [the insured]." 21 So.3d at 896. *Voigt* orders a setoff despite the punitive nature of a sanction.

The bankruptcy ruling relies on *McCollum v. Hamilton Nat'l Bank of Chattanooga*, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819 (1938), and *Newton v. Beneficial Finance Company of New Orleans*, 558 F.2d 731 (5th Cir.1977), each of which construed the repealed Section 68a of the Bankruptcy Act, which granted a positive, federal right of setoff.[5] In *McCollum*, the trustee sued the creditor and prevailed on a claim under the federal usury statute. Considering the law before the enactment of the Federal Rules of Civil Procedure, *McCollum* relies explicitly on the law of usury:

> The liability can only be enforced in an action 'brought specially and exclusively for that purpose—where the sole issue is the guilt or innocence of the accused, without the presence of any extraneous facts which might confuse the case. One paying a national bank usurious interest and entitled to enforce the penalty may not recover it by way of set-off in a suit brought upon his note to the bank. . . . To allow respondent to satisfy the judgment for penalty by mere deduction from its claim against the bankrupt's estate is to detract *from the punishment definitely prescribed. The sentence specifically required by the law may not be cut down by implication, set-off or construction;* for that would narrow the

statute and tend to defeat its purpose. . . . *[T]he penalty for usury so specifically prescribed shall be paid according to the terms of the statute.*

*McCollum*, 303 U.S. at 247–49, 58 S.Ct. 568 (internal citation omitted; emphasis added) Decided before modern pleading, *McCollum* construes the law of usury and relies on a positive right of setoff in bankruptcy, a right conferred by a subsequently repealed statute. *McCollum* neither controls nor informs whether Florida law prohibits a setoff if a creditor violates the FCCPA.

An opaque, barely two-page opinion preventing the setoff of a "Truth in Lending" violation against a bankruptcy claim, *Newton* considered "whether a debt discharged in bankruptcy may be set off against a claim under [the Truth in Lending Act (TILA) ] and arising out of that debt." In *Newton*, the trustee in bankruptcy abandoned the TILA claim, which reverted to the debtor, who—in the capacity of the debtor and not in the capacity of the estate—sued under TILA outside of bankruptcy.[6] The creditor argued, and the district judge accepted, that under Louisiana law the discharged debt "was a 'natural obligation.' " 558 F.2d at 732. The Fifth Circuit reversed and compared TILA to the *McCollum* usury statute and reasoned that TILA bore "a strong similarity" to usury because the remedy for each violation was "primarily punitive." Like *McCollum*, *Newton* construes the applica-

---

**5.** Section 68a read, "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid." 11 U.S.C. § 108a (1938); *see In re Britton*, 83 B.R. 914, 917 (Bankr. E.D.N.C.1988) ("The language in section 68a provides for a federal right of set-off. In contrast to section 68a, section 553 . . . simply recognizes the right of set-off where it

exists in nonbankruptcy law. As a result, many of the cases deciding set-off issues under section 68a . . . may not be applicable to cases arising under section 553.").

**6.** The creditor held the claim against the estate, but the claim against the creditor reverted to the debtor, who held the judgment against the creditor. The Fifth Circuit overlooks this apparent defect.

tion of a federal statute (rather than the FCCPA) under the repealed setoff provision, which—rather than leaving the disposition of setoff to "nonbankruptcy law"— provides a positive, federal right of setoff. Whatever precedent lingers from *McCollum* and *Newton*, neither opinion, each construing a federal statute, controls whether the Florida Consumer Collection Practices Act prohibits a setoff.[7]

The bankruptcy ruling relies in part on "public policy"—but not policy found in the Florida Statutes or even in the Florida courts. Setting off the obligations, the bankruptcy ruling contends, will permit "lenders" to "violate the FDCPA or FCCPA with impunity."[8] (Doc. 3–13 at 16) In addition, the ruling reasons:

> [S]omeone who violates a statute should not be permitted to take advantage of a setoff. And it, in essence, can reward someone who has taken … illegal action, and that is not fair. It's not right. It would be inequitable. So, on its face, to reward someone by giving them a shortcut in the collection process when they have violated the law, in my view, would be inequitable.

…

[I]f we allow setoff, then we don't incentivize debt collectors to undertake good collection practices, and we want to incentivize them to do the right thing. The [FCCPA] has—you can call it a penalty if you want—the statute has a monetary incentivizing mechanism, read penalty if you want on that, that is meant to deter bad collection practices. And if we take away that incentive by allowing setoff, then who would want to comply with the law?

(incorporated ruling from *In re Gutshall*, 8:10–ap–977, Doc. 52 at 43) The "public policy" enforceable in this instance is the "public policy" preferred by the Florida legislature, not the "public policy" preferred by the federal judiciary. If Florida chooses to deny a defendant the ability to counterclaim against, or to set off, an FCCPA violation, the Florida legislature can say so.[9] *See* Fla. Stat. § 46.015 (governing setoff for a covenant not to sue); § 679.340 (governing setoff against a deposit account); § 766.118(7) (governing setoff for non-economic damages in medical malpractice actions); § 768.041 (governing setoff for a covenant not to sue in a tort action); *cf.* § 768.31 (governing contri-

**7.** Chase notes that *Newton* has been further undermined by *Plant v. Blazer Financial Services*, 598 F.2d 1357, 1365–66 (5th Cir.1979), and *In re Wood*, 643 F.2d 188 (5th Cir.1980), opinions describing the Truth in Lending remedy as "remedial" or "more remedial than penal."

**8.** Absent an extraordinary circumstance, the Fair Debt Collection Practices Act (FDCPA), the federal version of the FCCPA, applies to a "debt collector," that is, "any person who … regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). As a general rule, the FDCPA exempts "creditors," that is, "any person … to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or a trans-

fer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). In contrast, the FCCPA applies to both.

**9.** Additionally, as another bankruptcy judge recognized in nearly an identical circumstance, a setoff reduces the value of the creditor's claim, which reduction in turn reduces the creditor's *pro rata* distribution—"penalizing" the creditor *pro rata*. *See Brook v. JP Morgan Chase Bank (In re Burdett)*, 8:09–ap–390 (Bankr.M.D.Fla. Dec. 22, 2010), *aff'd by* 2012 WL 6053964, 8:11–cv–0301 (M.D.Fla. Mar. 2, 2012). Any absence of a "punishment" (that is, a loss of money in addition to the creditor's receiving only a meager, if any, *pro rata* distribution of an uncontested claim of more than $30,000) results from the absence of money in the estate, not from setoff.

bution among tort defendants). Florida law permits a counterclaim and compels a judgment for the net amount of the offsetting liabilities. Under nonbankruptcy law, no reason appears to deny a setoff.

■ Subject to the presently inapplicable exceptions in Sections 553(a) and the avoidance criteria of Section 553(b), a setoff under the Bankruptcy Code requires the creditor's holding a claim that arose before the commencement of the debtor's bankruptcy and the creditor's owing a prepetition debt to the debtor. No party disputes that each obligation arose prepetition. In addition, the Bankruptcy Code requires "mutual" obligations, which in this instance means that the parties— Chase and the trustee—owe the obligations to each other and only to each other, that is, in the same "right" and in the same "capacity." *Collier's* explains:

> As a general rule, the concept of capacity requires that the parties each owe the other something in his or her own name, and not as a fiduciary For example, if A in his individual capacity owes $100 to B in B's individual capacity, and B likewise owes $50 to A, the obligations are mutual. On the other hand, if A in his individual capacity owes $100 to B, but B owes $50 to A in A's capacity as trustee of a trust, or as a fiduciary or agent for some other party, the obligations are not mutual because they are not owed between the parties acting in the same "capacity."

5 *Collier on Bankruptcy* § 553.03[3][c] (16th ed. 2013); *see Dakin v. Bayly*, 290 U.S. 143, 146, 54 S.Ct. 113, 78 L.Ed. 229

(1933); *In re Bevill, Bresler & Schulman Asset Management Corp.*, 896 F.2d 54, 57– 58 (3d Cir.1990). "[T]he requirement that obligations be owed in the same 'right' simply enforces the rule that joint obligations are not subject to setoff against separate debts in bankruptcy." 5 *Collier on Bankruptcy* § 553.03[3][d] (16th ed. 2013). In other words, a claim held jointly by A and B against C is not subject to a setoff against a claim held by C against A only; C must hold a claim against A and B jointly to set off the claim held jointly by A and B against C. Chase holds a claim against the estate for $30,000; the estate holds, perforce the claim's inclusion as property of the estate under Section 541(a)(1) and the successful adversary proceeding, a judgment against Chase for $1,000 plus attorneys' fees.

■ The trustee unpersuasively contends that the obligations arise in a different "capacity" and a different "right," as defined by Florida. The bankruptcy ruling agrees with the trustee and relies on late nineteenth-century and early twentieth-century cases construing the statutory plea of setoff, which forbade a setoff if the obligations arose under different legal theories. As discussed above, the parties' asserting distinct legal theories prevents neither a counterclaim nor a setoff. The counterclaim embodies the only meaningful remnant of "mutuality" remaining under Florida law, and the definition is effectively the same as the Bankruptcy Code's. 40 Fla. Jur.2d *Pleadings* § 91 (2d ed.2013) (citing cases). The obligations set off.[10]

---

10. The parties dispute whether the bankruptcy judge should set off both the $1,000 statutory award of damages and attorneys' fees. Neither the bankruptcy ruling nor the trustee offers a compelling reason not to set off attorneys' fees. A set off typically contemplates a single judgment for the net amount of the offsetting obligations of the parties, to the extent the obligations are attributable to a pertinent claim and counterclaim. The trustee relies on *Plant v. Blazer Fin. Serv.*, 598 F.2d 1357, 1365 (5th Cir.1979), another opinion construing TILA. Like *Newton* and McCollum, *Plant* considers neither Florida's law of setoff nor the FCCPA.

## CONCLUSION

The order of the bankruptcy court declining a setoff is **REVERSED** and **REMANDED.** The bankruptcy judge must set off the judgment of $1,000 plus attorneys' fees against Chase's claim. The clerk is directed to close the case.

ORDERED in Tampa, Florida, on July 1, 2013.