IRENE L. BOESCH, RESPONDENT, v. EMILE F. KICK, APPELLANT.

Argued July 3, 1922—Decided November 20, 1922.

In an action for false imprisonment the plaintiff is not required to plead or prove that the proceedings, leading to her arrest and imprisonment in an insane asylum had terminated when her suit was brought to recover damage for her imprisonment, as is required in a suit for malicious prosecution.

---

On appeal from the Supreme Court.

For the respondent, *Pitney, Hardin & Skinner.*

For the appellant, *Heine, Bostwick & Bradner.*

The opinion of the court was delivered by

BERGEN, J. In this action plaintiff recovered a verdict for damages against defendant based on the false arrest and imprisonment of plaintiff in an insane asylum. After verdict defendant was allowed a rule to show cause why the verdict should not be set aside, reserving all exceptions taken at the trial, which was heard by the Supreme Court and discharged, and thereafter a judgment was entered, and its review on the exceptions taken is now sought by the present appeal.

There was evidence, which the jury by its verdict found to be true, showing that plaintiff's husband and the defendant were engaged in a business having to do with chemical experiments, to advance which plaintiff had loaned her husband money; that she complained that her husband was not properly expending his earnings and that she was in financial embarrassment, whereupon he assigned to her his interest in the venture of defendant and himself; that plaintiff was not satisfied with the conduct of the defendant and threatened to investigate his financial affairs to which he objected, and suggested to her husband that to get rid of her they should have her confined as a lunatic, to which the husband assented; that defendant arranged that plaintiff and her husband should meet him at railroad station to talk over business matters; that they did meet and defendant suggested that as the railroad station was too public a place they go to another, and he took them to the office of a physician where he had arranged to have another physician present, and the physicians, after talking with her, made out a certificate that she was insane and should be committed to an asylum for treatment. The defendant paid the physicians their charges, took from them the certificate and carried it to a judge of a juvenile court, and he, without further investigation, issued a warrant of commitment, and then, by a false statement to plaintiff, defendant induced her to go with him to the asylum, where he caused her to be imprisoned by an officer of the institution; that a few days later her husband went to the asylum, and at his request the plaintiff was released, and, subsequently, this suit was brought. All matters relating to preponderance of evidence or excessiveness of the amount of damages awarded were disposed of on the rule to show cause, and all we have to deal with are legal questions raised by the exceptions taken and reserved. The question to be considered is the refusal by the trial court, on defendant's motion, to direct a verdict for defendant, and several reasons are urged in support of this motion, which will be considered in the order

presented by appellant: First. That defendant did no act which was the proximate cause of plaintiff's confinement in the insane asylum. The answer to this is that the proofs show that he made the suggestion to the husband; that through a false statement he induced plaintiff to go to an office to meet two physicians who defendant had arranged to be present; that he paid the charges of the physicians; that he desired that plaintiff be prevented from; annoying him by having her confined as a lunatic; that he procured the warrant of commitment, and by subterfuge induced her to go to the asylum, and delivered her person as well as the warrant to the asylum authorities as their justification for holding her. This was sufficient to warrant the jury in finding that his acts were the proximate cause. Second. Because the defendant had reasonable cause for believing that plaintiff was insane. Whether plaintiff was bound to prove that defendant had no probable cause to believe the plaintiff was insane and lawfully subject to imprisonment at the time the proceedings against her were instituted by him, as charged by the trial court, it is not necessary to consider, for the case was tried on that theory and the question of probable cause submitted to the jury without objection by defendant, and was as favorable to him as he had a right to ask. The evidence on the question of probable cause was conflicting, and therefore a jury question was presented (*Hartdorn* v. *Webb Manufacturing Co.*, 89 *N. J. L.* 262), and it would have been error to take it from the jury. Third. That on the determination of the rule to show cause the Supreme Court adopted a rule not sound in law. The difficulty with this objection is that there is no exception raising the question argued. Legal questions properly raised, argued and determined on a rule to show cause are not subject to review on appeal. Appellant's argument on this point does not call our attention to any authorities sustaining his contention, but is content with the assertion that the rule adopted by the Supreme Court is not applicable to the facts before that court, which counsel assert are different from those found by that court.

There is therefore nothing for us to review on this branch of the case. Fourth. That there was no proof that the proceedings instituted by defendant against appellant had terminated favorably to plaintiff before the action was brought. The rule of law thus invoked does not apply to this case, which is an action for false imprisonment, and not malicious prosecution. 25 C. J. 445, and notes.. The weight of authority is against the proposition that, in a suit for false imprisonment, the prosecution should be terminated before a suit for damages can be instituted. In such a case it is not necessary to plead the termination of the proceeding inducing the false arrest and imprisonment, and proof to sustain an unnecessary pleading is not required. An examination of *Chit. Pl.* will show that in an action for false imprisonment an averment of the termination of the proceeding is not required, but that it is in declaring for malicious prosecution.

There being no error in this record on the points argued by appellant, the judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.