198 N.J. Super. 588 (1984)
487 A.2d 1296
ROQUE PISANO, PLAINTIFF,
v.
CITY OF UNION CITY, A MUNICIPAL CORPORATION, AND THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Hudson County Law Division.
April 30, 1984.
*589 Louis Gluck for the plaintiff.
Edward J. Lynch for defendant Union City.
Rosemarie Ruggiero for defendant State of New Jersey (Irwin I. Kimmelman, Attorney General of New Jersey, attorney).
*590 YOUNG, J.S.C.
In an action brought under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. alleging false arrest, do the claim and limitation periods run from the date of arrest or from the time the criminal proceedings terminated? The viability of this action hinges upon the resolution of that issue. The issue is submitted by motions for summary judgment filed on behalf of the State of New Jersey joined by the City of Union City. Officers of both public entities participated in the arrest of plaintiff, Roque Pisano, in Union City on October 19, 1981. Plaintiff was released on bail. The indictment which emerged from the arrest was dismissed by order entered October 14, 1982 by Judge Joseph M. Thuring. A notice of claim was filed with the city January 12, 1983 and with the State the same day. At the expiration of the six-month period provided by statute, N.J.S.A. 59:8-8, the complaint was filed June 17, 1983.
Plaintiff contends that his cause of action did not accrue until the date of dismissal of the indictment October 14, 1982 and states that "in fact, plaintiff abstained from any efforts to seek retribution until after said eventful date." Counsel for the public entities contend that the action accrued as of the date of the arrest, October 19, 1981 and that this court is without jurisdiction by virtue of the limitation provisions of the Tort Claims Act, N.J.S.A. 59:8-1, -8, -9.
The Tort Claims Act specifically does not immunize law enforcement officials from charges of false arrest or false imprisonment. N.J.S.A. 59:3-3. However, claims asserting such wrongs must be presented to the public entities no later than the ninetieth day, and are barred after two years have elapsed, after accrual of the cause of action. N.J.S.A. 59:8-8. "Accrual" as used in the statute is said to take its meaning from existing law in the private sector. N.J.S.A. 59:8-1; Fuller v. Rutgers, The State University, 154 N.J. Super. 420, 423 (App.Div. 1977). In an action pleading the act, Judge Michels *591 defined the concept of "accrual" in Lutz v. Semcer, 126 N.J. Super. 288 (Law Div. 1974):
It is well recognized that a cause of action accrues when facts exist which authorize one party to maintain an action against another. Marini v. Wanaque, 37 N.J. Super. 32 (App.Div. 1955); Band's Refuse Removal, Inc. v. Fair Lawn, 62 N.J. Super. 522 (App.Div. 1960). Any wrongful act for which the law provides a remedy resulting in injury to the person, though slight, gives right to institute an action therefor, and a cause of action accrues at that time. Tortorello v. Reinfeld, 6 N.J. 58, 65 (1950). [Id. at 297.]
As most of the decisional law has emerged from claims arising from accidents, the opinions reiterate the principle that the claim ordinarily accrues at the time the accident or incident occurs. Such a reference provides a discrete datum. Representative of numerous reported decisions in addition to Fuller, supra, is Anaya v. Twp. of Vernon, 139 N.J. Super. 409 (App.Div. 1976), certif. den. 71 N.J. 494 (1976). In an action for wrongful death, the date of accrual of the action is the date of death. Dyer v. Newark, 174 N.J. Super. 297 (App.Div. 1980). The "discovery rule" will toll the limitations provisions. Torres v. Jersey City Medical Center, 140 N.J. Super. 323 (Law Div. 1976). But see nonapplication of the rule in Fuller, supra, and in Bell v. County of Camden, 147 N.J. Super. 139 (App.Div. 1977).
A specific statutory subsection of the Tort Claims Act has reference to a claimant who is or has been confined in a penal institution. Suits by or on behalf of a prisoner are subject to N.J.S.A. 59:5-3 which suspends the notice and limitation provisions of the act for the purpose of permitting prisoners to bring suit only after they have been released from institutional confinement. The prisoner's claim shall accrue upon his release from institutional confinement. However, it is instructive to take note of a discretionary provision relating to filing notice of claim:
... provided however that a prisoner may file notice of claim in accordance with the procedures set forth in chapter 8 at any time after an injury and nothing in this act shall bar administrative review and settlement of that claim prior to his release from institutional confinement. [N.J.S.A. 59:5-3]
*592 See Annotation, "When statute of limitations begins to run against action for false imprisonment or false arrest," 49 A.L.R.2d 922 (1956), which collation of decisions defines the general rule as follows: the limitation begins to run from the termination of the imprisonment and not from the time when the proceedings under which the plaintiff's arrest occurred ended.
In the case at bar, as noted, plaintiff had been released on bail during the pendency of the criminal proceedings, making section 59:5-3 inapplicable.
There appears to be no case law directly on point arising under the Tort Claims Act. Two reported cases tangentially refer to the impact of criminal proceedings. The pendency of criminal proceedings before the Burlington County grand jury did not satisfy the "sufficient reasons" requirement of the statute for permission to file a late notice of claim. In re: Matter of Roy, 142 N.J. Super. 594 (App.Div. 1976). Evans v. Elizabeth Police Dept., 190 N.J. Super. 633 (Law Div. 1983), presented a claim asserting negligence in the procedural performance of an arrest as distinguished from a claim for false arrest.
A reported opinion which long antedates the adoption of the Tort Claims Act held that the plaintiff in an action for false arrest is neither required to plead nor prove that the criminal proceedings had terminated at the time suit is brought. Boesch v. Kick, 98 N.J.L. 183 (E. & A. 1922); Annotation, "Necessity of showing termination of prosecution in action for false imprisonment," 25 A.L.R. 1516, 1519-1520, (1923). "The weight of authority is against the proposition that, in a suit for false imprisonment, the prosecution should be terminated before a suit for damages can be instituted." Boesch, supra at 186.
The interpretation of the California statute, upon which the New Jersey Tort Claims Act is modeled, provides authority for the view that a cause of action accrues at the time of the arrest, not at the termination of criminal proceedings. Cal.Tort Cl.Act, § 911.2; Collins v. Los Angeles County, 241 Cal. App.2d 451, 50 Cal. Rptr. 586 (1966); Ridley v. City and County of San Francisco, 272 Cal. App.2d 290, 77 Cal. Rptr. 199 (1969).
*593 On the authority cited, this court determines that plaintiff's cause of action for false arrest accrued as of the date of arrest, October 19, 1981 and that having failed to file a notice of claim no later than the ninetieth day thereafter, and more than a year having expired, his claim is barred. The court is without power to exercise discretion in the premises, were an appropriate motion filed for permission to file a late notice of claim under N.J.S.A. 59:8-9. Speer v. Armstrong, 168 N.J. Super. 251, 255 (App.Div. 1979); Fuller v. Rutgers, supra, 154 N.J. Super. at 423.
Reliance of plaintiff's counsel upon Muller Fuel Oil Co. v. Ins. Co. of No. Amer., 95 N.J. Super. 564, 576 (App.Div. 1967) is misplaced for that was a cause of action for malicious prosecution. It is well established that a cause of action for malicious prosecution does not arise until the criminal proceeding has terminated in plaintiff's favor. That is a condition precedent to the institution of the action. Id. at 577; See also Lind v. Schmid, 67 N.J. 255, 262 (1975). Such a requirement that the criminal proceeding has terminated in plaintiff's favor is not a prerequisite for institution of an action for false arrest as the form of action is based upon an illegal arrest and no matter ex post facto can legalize an act which was illegal at the time it was done. See Price v. Phillips, 90 N.J. Super. 480, 487 (App.Div. 1966).
Counsel's attempt to draw an analogy between the factual context of this false arrest claim and the medical malpractice action reported as Torres v. Jersey City Medical Center, supra, in which the plaintiff there did not know nor by reasonable diligence could have known of the alleged negligence, thus invoking the "discovery rule," must fail. Plaintiff in the case at bar is chargeable with knowledge of the facts of his arrest which were overt, thus making inapplicable the discovery rule. See In re: Matter of Roy, supra, 142 N.J. Super. at 600.
On the authorities cited and the reasoning set forth the motions for summary judgment filed on behalf of defendants, *594 City of Union City and the State of New Jersey dismissing the complaint are granted.