211 N.J. Super. 509 (1986)
511 A.2d 1299
ELLEN M. SERVIS, AS ADMINISTRATRIX AD PROSEQUENDUM, AND AS ADMINISTRATRIX OF THE ESTATE OF NORMAN F. SERVIS, JR., AND ELLEN M. SERVIS, INDIVIDUALLY, PLAINTIFF,
v.
STATE OF NEW JERSEY AND COUNTY OF MONMOUTH, DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County.
March 1, 1986.
*511 J. Patrick Roche for plaintiff (Critchley & Roche, attorneys).
Jacqueline M. Sharkey for defendants (W. Cary Edwards, Attorney General of the State of New Jersey, attorney).
SELIKOFF, J.S.C.
This matter comes before the court on motion for leave to file a notice of claim against the State of New Jersey, pursuant to the Tort Claims Act. N.J.S.A. 59:1-1 et seq.
On October 26, 1984, Norman F. Servis Jr., a representative supervisor in the Division of Inmate Advocacy, entered the grounds of the Monmouth County jail in order to inspect the facilities. During the course of this inspection, Mr. Servis suffered a tick bite. A few days later he became comatose and did not regain consciousness prior to his death on November 21, 1984.
Since her husband's death, Ellen Servis has been hospitalized on several occasions. During the first six months of 1985, Mrs. Servis was hospitalized and totally incapacitated by reason of a back injury. She was also hospitalized during the month of October 1985, due to cardiac problems.
The investigation of this matter was hampered by the uncertainty regarding the cause of death of Mr. Servis. Mrs. Servis did not receive the pertinent medical information concerning the actual cause of death until late September 1985. A report dated September 6, 1985 indicated that Mr. Servis had a history of a tick bite predating his fatal illness. At the same time, a report from the Department of the Public Advocate dated September 16, 1985 was received by Mrs. Servis. That report *512 indicated that the cause of death was a direct result of a tick bite received on October 26, 1984 during the normal course of employment. The report also confirmed an outbreak of tick disease in Monmouth County during the period of time Mr. Servis visited the Monmouth County jail.
On November 20, 1985, within two weeks of the retaining of counsel and the receipt by counsel of the relevant medical reports, Mrs. Servis filed this motion pursuant to N.J.S.A. 59:8-8 and -9. This motion was not made returnable until March 1, 1986 due to several adjournments to allow for the submission of briefs to the court.
Plaintiff seeks leave to file a notice of claim on her own behalf and on behalf of her infant child for damages sustained as a result of the death of her husband, Norman F. Servis, Jr. In support of the motion, plaintiff argues that the discovery rule is applicable here and that the cause of action did not accrue until September 16, 1985. Lopez v. Swyer, 62 N.J. 267 (1973). Therefore, the filing of the claim on November 20, 1985 allegedly put plaintiff within the 90-day period for filing tort claims against a public entity. N.J.S.A. 59:8-8.
Defendant State of New Jersey has no objection to plaintiff's request for leave to file a notice of claim on behalf of her infant child. Barbaria v. Sayreville Twp., 191 N.J. Super. 395 (App. Div. 1983). However, defendant argues that plaintiff's action brought on her own behalf is barred by the Wrongful Death Act insofar as that act defines the accrual date as the date of death of the decedent. N.J.S.A. 2A:31-3. Hence, defendant asserts that the cause of action accrued on the date of Mr. Servis' death and plaintiff is therefore barred under the one-year limitation of N.J.S.A. 59:8-9.
The filing of a tort claim against a public entity is governed exclusively by the Tort Claims Act. Pressler, Current *513 N.J. Court Rules, Comment R. 4:5-4 (1986). N.J.S.A. 59:8-9 permits the filing of a late notice of claim within one year of the accrual of the claim subject to the discretion of the court. The term "accrued" is defined as the date on which the claim accrued, and "shall not be affected by the notice provisions contained herein." N.J.S.A. 59:8-1. It is therefore clear that the viability of plaintiff's cause of action against defendant State of New Jersey is not subject to the provisions of the Wrongful Death Act.
Additionally, should this court determine the accrual date to be the date of death, plaintiff's motion would still be appropriate. It is emphasized that the motion was filed on November 20, 1985. Invariably, the filing of a motion for leave to file a late notice of claim pursuant to N.J.S.A. 59:8-9 will preserve plaintiff's rights even if the motion is not returnable until after the one-year limit. Murray v. Barnegat Light House, 200 N.J. Super. 534 (App.Div. 1985); De Mendoza v. N.J. Transit Bus Operations, Inc. 194 N.J. Super. 607 (Law Div. 1984). Logically, the critical issue here concerns the accrual date of the cause of action.
Ordinarily a cause of action accrues when the tort is committed and leave to file a late notice of claim must be sought within one year of the date of the accident. N.J.S.A. 59:8-9; Lutz v. Semcer, 126 N.J. Super. 288, 297-298 (Law Div. 1974). Nevertheless, New Jersey courts have entertained cases in which the discovery rule has been held applicable to the Tort Claims Act.
In Torres v. Jersey City Medical Center, 140 N.J. Super. 323 (Law Div. 1975), plaintiff was treated and x-rays were performed by defendant hospital in August 1973. The damage to plaintiff's ovaries caused by the x-rays was not discovered until the removal of the ovaries in January 1975. The court held the *514 accrual date to be January 1975, and plaintiff was allowed to file her claim.
Likewise in Kenney v. Scientific Inc., 204 N.J. Super. 228 (Law Div. 1985), residents in the vicinity of two landfills where hazardous waste allegedly was disposed brought suit against the State. The court found the discovery rule to be applicable to the notice provisions of the Tort Claims Act, explaining that to do otherwise would essentially "deprive [plaintiffs] of the benefits of that very same rule which should be available to them for statute of limitations purposes." Id. at 245.
Notably, other cases dealing with the Tort Claims Act have intimated that the discovery rule would be applicable, given an appropriate situation. Bell v. Cty. of Camden, 147 N.J. Super. 139, 143 (App.Div. 1977); Fuller v. Rutgers, the State University, 154 N.J. Super. 420, 424 (App.Div. 1977), certif. den. 75 N.J. 610 (1978); Pisano v. City of Union City, 198 N.J. Super. 588, 593 (Law Div. 1984).
I am satisfied that the discovery rule should be applied to the filing of this notice of claim. The cause of the injuries and eventual death of Mr. Servis were unknown and unascertainable until the medical reports were made available in September 1985, particularly the report issued by the Department of the Public Advocate. Therefore, the cause of action accrued on September 16, 1985, which is the date the Department of the Public Advocate determined that the death of Mr. Servis was the direct result of a tick bite received while inspecting the Monmouth County jail. Accordingly, plaintiff's claim against the State of New Jersey was properly made within the 90-day provision of N.J.S.A. 59:8-8.
Parenthetically, it should be noted that plaintiff would have undoubtedly sustained the burden of proof required under the late notice provisions of N.J.S.A. 59:8-9 had this been necessary. Because of the foregoing reasons, however, this issue requires no further discussion at this time.