In re Robert ATANASOV and Marisa Atanasov, Debtors.

**BRUNSWICK BANK & TRUST COMPANY, Appellant,**

v.

**Robert ATANASOV, et al., Appellees.**

Civil Action No. 97–5749.

United States District Court, D. New Jersey.

May 15, 1998.

---

**114**

James P. Lisovicz, Nicholas J. Spinelli, McElroy, Deutsch & Mulvaney, Morristown, NJ, for appellant.

Stephen E. Milazzo, Hackensack, NJ, for debtors-appellees.

Jeffrey A. Lester, Braverman & Lester, Hackensack, NJ, trustee.

### *OPINION*

WOLIN, District Judge.

The current case is before the Court on creditor appellant Brunswick Bank and Trust Company's (the "Bank") appeal of the July 11, 1997 Opinion and Order ("the Order") of the Honorable William F. Tuohey, Bankruptcy Court Judge, denying the Bank's motion to reopen the above-captioned case in order to setoff debtor Robert Atanasov's claim. Debtors appellees Robert and Marisa Atanasov oppose the appeal. Appellee Jeffrey A. Lester, Esq., the Chapter 7 Trustee (the "Trustee"), has taken no position on the appeal. The Court has considered the appeal under Federal Rule of Civil Procedure 78. For the reasons stated herein, the Bank's appeal will be denied and the Order affirmed.

### BACKGROUND

During January of 1988, Robert Atanasov ("Atanasov") applied to the Bank for a $500,-000 loan. Pursuant to the Bank's request, Atanasov provided Statements of Financial Condition ("SFCs"); such SFCs were provided before and after the Bank approved Atanasov's line of credit. The Bank approved Atanasov's loan application on February 22, 1988, and granted an increase to $1,250,000

in May of 1988. Atanasov signed a promissory note in favor of the Bank on May 16, 1988 in the amount of $1,250,000. Thereafter, Atanasov defaulted on the loan. On April 5, 1991, the Bank filed a Civil Complaint regarding this default and was awarded a default judgment in the amount of $1,577,-833.18.

On September 2, 1992, Richard Klugherz, Senior Vice President of the Bank and loan officer in charge of the Atanasov loan, testified in State Court that Atanasov's SFCs provided to the Bank were inaccurate.[1] An indictment was returned charging Atanasov with the crimes of theft by deception and falsifying financial records. The indictment was filed on September 23, 1992 and Atanasov was arrested.

Atanasov and Marisa Atanasov filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court, District of New Jersey, on February 2, 1993. An amended petition was filed on March 4, 1993 and the Bank was listed as a secured creditor [2] in the amount of $1,123,000 on the debtors' schedules and statements of affairs.[3]

On April 16, 1993, Atanasov filed a motion to dismiss his indictment in State Court. The criminal indictment was dismissed on May 10, 1993, more than three months after the bankruptcy petition was filed.

On June 1, 1993, the Bankruptcy Court granted Atanasov's motion to convert the Chapter 11 bankruptcy to a Chapter 7 bankruptcy. An order for discharge, dated October 14, 1993, was entered by the Bankruptcy Court, which, by operation of law, discharged the Bank's judgment.

On May 9, 1995, Atanasov filed a complaint in Bankruptcy Court against the Bank and Klugherz based upon Klugherz's September 2, 1992 grand jury testimony; the action is essentially one for malicious prosecution, among other claims.[4] The Bank and Klugherz moved on May 12, 1997 to reopen the bankruptcy case in order to setoff Atanasov's claim. The Trustee appeared at the June 9, 1997 hearing, but took no position on the pending motion. The Bankruptcy Court denied the motion by way of a July 11, 1997 Opinion and Order. The Bank filed a motion for reconsideration on the basis that the Order purportedly did not address any of the issues or case law raised by creditor. The Bank argued that Atanasov's malicious prosecution claim is an asset of the bankruptcy estate, even though it technically accrued post-petition, because it is predicated upon conduct that occurred pre-petition. The Bankruptcy Court denied the reconsideration motion at a September 2, 1997 oral hearing. Thereafter, the Bank appealed the Order to this Court.

## DISCUSSION

■ United States District Courts have mandatory jurisdiction to hear appeals from final orders of bankruptcy judges. *See* 28 U.S.C. § 158(a). If the order is interlocutory, *i.e.*, provisional, the district court has discretion to grant or deny leave to appeal. *See id.*; *Century Glove, Inc. v. First American Bank*, 860 F.2d 94, 97 (3d Cir.1988) (noting that a district court may review both final and interlocutory orders of the bankruptcy court). Here, the parties do not dispute that the Order appealed is a final order.

**Standard of Review**

■ On appeal, a federal court may set aside a bankruptcy court's findings of fact only if clearly erroneous. *See, e.g., In re Brennan*, 198 B.R. 445, 448 (D.N.J.1996); *In re Sharon Steel Corp.*, 871 F.2d 1217 (3d

---

**1.** Judge Tuohey's Opinion and the September 2, 1997 transcript of the motion for reconsideration set forth the date of Klugherz's testimony before the grand jury to be September 2, 1992. (*See* Opinion at 2 ¶ 7, 5; Transcript at 3:5–8.) Thereafter, Atanasov was indicted on September 23 of 1992. (*See* Opinion at 2 ¶ 8.) The Bank and the Atanasov's briefs, however, set forth a September 2, 1993 date for Klugherz's testimony. (*See* Bank Br. at 3; Atanasov Br. at 1.)

**2.** Judge Tuohey's Opinion lists the Bank as a secured creditor (*see* Opinion at 3 ¶ 9), while appellants list the Bank as unsecured. (*See* Atanasov Br. at 1 ¶ 4.)

**3.** Atanasov and Marisa Atanasov, as debtors-in-possession, continued in possession of their property.

**4.** The matter is pending in Middlesex County.

Cir.1989); *GE Credit Corp. v. Nardulli & Sons, Inc.,* 836 F.2d 184 (3d Cir.1988). The fact that a reviewing court could have decided the matter differently does not render a finding of fact clearly erroneous. *See* Bank.R. 8013; *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). In contrast, a bankruptcy court's legal conclusions or questions of law are subjected to plenary review. *See, e.g., In re Modular Structures, Inc.,* 27 F.3d 72, 76 (3d Cir.1994) (citation omitted); *J.P. Fyfe, Inc. v. Bradco Supply Corp.,* 891 F.2d 66, 69 (3d Cir.1989). In the current case, a question of law is before the Court and the issue will be examined *de novo*.

### The Appeal

■ The Order from which the appeal is taken concerns the issue, as framed by the Bankruptcy Court, of whether Atanasov's malicious prosecution action was an asset of the bankruptcy estate—*i.e.*, a pre-petition asset—subject to setoff. Section 553 of the Bankruptcy Code (the "Code") directs that an asset of the estate is subject to setoff if it arises pre-petition.[5] Section 553(a) incorporates and preserves in bankruptcy law the right of setoff available at common law. *See United States on Behalf of I.R.S. v. Norton,* 717 F.2d 767, 772 (3d Cir.1983). The equitable right of setoff has long been recognized in bankruptcy. *See, e.g., Libby v. Hopkins,* 104 U.S. 303, 26 L.Ed. 769 (1881). Setoff, as a federal bankruptcy law concept, applies when a debtor and a creditor have mutual pre-petition claims against one another. This equitable doctrine "allows parties that owe mutual debts to state the accounts between them, subtract one from the other and pay only the balance." *Matter of Bevill,*

*Bresler & Shulman Asset Mgmt. Corp.,* 896 F.2d 54, 57 (3d Cir.1990).

■ A case "may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, the Bankruptcy Court deemed an undisclosed pre-petition asset to be "sufficient grounds to reopen the bankruptcy proceeding." (Order at 4.) This Court is in agreement.

Section 541(a)(1) of the Code defines property of the bankruptcy estate to include "all legal and equitable interests of the debtor in property as of the commencement of the case." As set forth by the Bankruptcy Court, this Circuit has determined that "causes of action" fall within the definition of the bankruptcy estate's property. (*See* Order at 4) (citing *Integrated Solutions v. Service Support Specialties, Inc.,* 193 B.R. 722, 728 (D.N.J.1996), *aff'd,* 124 F.3d 487 (3d Cir. 1997)). Consequently, this Court must determine if Atanasov's malicious prosecution claim arose pre-petition for application of a setoff under section 553(a).

The Bank contends that the malicious prosecution cause of action accrued pre-petition and therefore was an asset of the estate that should have been brought into bankruptcy and, had that been done, would have appropriately been setoff against the judgment that the Bank had in excess of $1.5 million. (*See* Motion to Reopen Transcript ("Transcript") at 4:4–8.) Atanasov argues that a malicious prosecution action accrues when the criminal matter is terminated in favor of the defendant—in this case, on May 10, 1993, three months after the bankruptcy petition was filed. (*See id.* at 4:20—25.) Therefore, the malicious prosecution claim is a post-petition cause of action and not mutual

---

**5.** Section 553 is entitled "Setoff" and, in relevant part, provides:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C. § 553 (West Supp.1998). A "setoff" is defined as a "counter-claim demand which de-

fendant holds against plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action. Remedy employed by defendant to discharge or reduce plaintiff's demand by an opposite one arising from transaction which is extrinsic to plaintiff's cause of action." *Black's Law Dictionary* 713 (abridge. 5th ed.1983). "Setoff, in effect, elevates an unsecured claim to secured status, to the extent that the debtor has a mutual, pre-petition claim against the creditor." *Lee v. Schweiker,* 739 F.2d 870, 875 (3d Cir.1984).

and not subject to a setoff under the Code. (*See id.* at 4:25; 5:1–2.) Applying New Jersey law, the Bankruptcy Court agreed with Atanasov and held that "the malicious prosecution cause of action accrued at the time of the favorable termination of the criminal proceedings; and therefore, the cause of action is a post-petition asset that is not subject to a setoff." (Order at 4.)

In bringing its appeal, the Bank argues, in part, that the Bankruptcy Court erred because the issue before the court was one of federal law. Atanasov's pleadings fail to address the choice of law question. The Bank faults the Bankruptcy Court for failing to address the case law cited by the Bank requiring the bankruptcy court to look to the date of the acts upon which the plaintiff complains, *i.e.*, the cause of action is based upon pre-petition conduct—as required by federal law—instead of the "technical accrual" of the cause of action, namely dismissal of the criminal indictment on May 10, 1993—as required by state law. (*See* Bank Br. at 7, 9.) More particularly, the Bank contends that the cause of action for malicious prosecution accrued pre-petition when Klugherz testified before the grand jury on September 2, 1992.

In preserving the right of a creditor to offset mutual obligations with a debtor (insofar as the exercise of that right has not been stayed), a definition of "setoff" or an explanation of when a setoff has occurred is not provided in section 553 of the Code. "Thus, this provision is not an independent source of law governing setoff; it is generally understood as a legislative attempt to preserve the common-law right of setoff arising out of non-bankruptcy law." *United States on Behalf of I.R.S.*, 717 F.2d at 772. Courts may look to state law in order to determine whether a setoff has occurred, *see id.*, however, the granting or denial of the right to a setoff depends upon the terms of section 553, and not upon the terms of state statutes or laws. *See, e.g., McCollum v. Hamilton Nat'l Bank*, 303 U.S. 245, 248, 58 S.Ct. 568, 570–71, 82 L.Ed. 819 (1938); *Matter of Van Dyk Research Corp.*, 13 B.R. 487, 494–95 (Bankr. D.N.J.1981). The Honorable William F. Tuohey, Bankruptcy Court Judge recognized that "Congress has generally left the deter-

mination of property rights in the assets of a bankrupt's estate to state law." (Order at 4) (quoting *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979)). Therefore, the Court looks to New Jersey case law on the issue of setoff given the common law origins of setoff and federal law's mandate that the right to a setoff applies to mutual pre-petition claims.

The Bank argues that the Bankruptcy Court failed to follow New Jersey law. However, the Bankruptcy Court distinguished the New Jersey case law advanced by the Bank on the basis that the cases were "merely an exception to the established New Jersey state law that a cause of action for malicious prosecution does not arise until the criminal proceeding has terminated in plaintiff's favor. That successful resolution of the criminal matter is a condition precedent to the institution of the action." (Order at 5) (citing, in part, *Pisano v. City of Union City*, 198 N.J.Super. 588, 593, 487 A.2d 1296 (1984) (involving false arrest); *Kotok Bldg. v. Charvine Co.*, 183 N.J.Super. 101, 107, 443 A.2d 260 (1981) (involving slander and malicious use of process); *Penwag Property Co., Inc. v. Landau*, 76 N.J. 595, 598, 388 A.2d 1265 (1978) (involving a landlord-tenant lease; "It is not appropriate to institute a suit or file a counterclaim until the litigation has terminated in favor of the party who asserts the malicious prosecution cause of action.").) After researching the issue, the Court finds that the timing of accrual of a malicious prosecution claim under New Jersey law, as encapsulated above by the Bankruptcy Court, to be well established and controlling.

In the current case, the indictment was dismissed on May 10, 1993. Accordingly, as the bankruptcy petition was filed on February 2, 1993, the cause of action for malicious prosecution arose post-petition. The claim—brought on May 9, 1995—simply was not an asset at the time the petition was filed. The analysis is that straightforward. Atanasov's malicious prosecution claim arose post-petition and, thereby, is not subject to a setoff. Consequently, the Bank's motion to reopen the bankruptcy case of debtors Atanasov and

Marisa Atanasov pursuant to 11 U.S.C. § 350 will be denied.[6]

## CONCLUSION

For the reasons set forth herein, appellant creditor Brunswick Bank and Trust Company's appeal of the July 11, 1997 Opinion and Order of the Honorable William F. Tuohey, Bankruptcy Court Judge denying the creditor's motion to reopen the bankruptcy case in order to setoff appellee debtors Robert and Marisa Atanasov's malicious prosecution claim will be denied and the July 11, 1997 Opinion and Order will be affirmed.

An appropriate Order is attached.

## *ORDER*

In accordance with the Court's Opinion filed herewith,

It is on this 15th day of May, 1998

ORDERED that appellant creditor Brunswick Bank and Trust Company's appeal of the July 11, 1997 Opinion and Order of the Honorable William F. Tuohey, Bankruptcy Court Judge, denying the creditor's motion to reopen the bankruptcy case in order to setoff appellee debtors Robert and Marisa Atanasov's malicious prosecution claim is denied; and it is further

ORDERED that the July 11, 1997 Opinion and Order is affirmed.

---

6. The Bank further argues that Atanasov had an obligation to amend his schedules upon conversion from Chapter 11 to Chapter 7, pursuant to 11 U.S.C. § 541. (*See* Bank Br. at 17–18.) However, the Bank concedes that Judge Tuohey's did not address this issue. Accordingly, the question of whether Atanasov should have amended his schedules will not be addressed as it is not part of the July 11, 1997 Opinion and Order currently on appeal before the Court.