**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1397-23

NOAH MOSLEY,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
COUNTY OF MIDDLESEX,
TOWNSHIP OF EDISON,
ANDREW CAREY, TZVI
DOLINGER, BINA DESAI,
OFFICER CHARLES ZUNDEL
and DETECTIVE MICHAEL
CARULLO,

     Defendants-Respondents.

_____

Argued May 20, 2025 – Decided July 2, 2025

Before Judges Sabatino, Gummer, and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1212-22.

Isaac Wright, Jr. argued the cause for appellant (Hunt, Hamlin & Ridley, attorneys; Isaac Wright, Jr., on the brief).

Handel T. Destinvil, Deputy Attorney General, argued the cause for respondents State of New Jersey, Andrew Carey, Tzvi Dolinger and Bina Desai (Matthew J. Platkin, Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Handel T. Destinvil, on the brief).

Alan J. Baratz argued the cause for respondents Township of Edison, Officer Charles Zundel and Detective Michael Carullo (Weiner Law Group LLP, attorneys; Alan J. Baratz, of counsel and on the brief; Donald A. Klein, on the brief).

PER CURIAM

Plaintiff Noah Mosley appeals from two orders dismissing his complaint with prejudice and an order denying his reconsideration motion. The State had unsuccessfully prosecuted plaintiff for violations of narcotics laws and a violation of probation (VOP). Plaintiff's claims are premised on those prosecutions. Because the judges deciding the motions either failed to perceive the malicious-prosecution nature of plaintiff's claims or applied an incorrect accrual date to plaintiff's malicious-prosecution claims based on the VOP, we reverse the orders as to the dismissal of those particular claims and remand for proceedings consistent with this opinion. We otherwise affirm.

I.

This case has an extensive procedural history. We focus on the aspects of that history that are particularly relevant to this appeal.

On September 7, 2014, a police officer, defendant Charles Zundel, observed what he reported was a hand-to-hand narcotics exchange. Plaintiff was arrested on September 12, 2014, in connection with that purported exchange. At the time of the arrest, plaintiff was serving a five-year term of probation. The State charged him with new criminal offenses premised on the purported narcotics transaction and a VOP based on the allegation he had violated a condition of his probation by engaging in new criminal conduct.

"[N]ormally that type of VOP charge is demonstrated through the submission of proof of a criminal conviction." State v. Mosley, 232 N.J. 169, 190-91 (2018). But before the new criminal charges were adjudicated, the State "opted to proceed first with the VOP charge." Id. at 191. The trial court then conducted what the Supreme Court described as an "atypical" VOP hearing. Id. at 172. In that hearing, Zundel, who had observed the purported narcotics transaction, did not testify. Id. at 177. Instead, the State, without explaining why Zundel was unavailable, presented as its sole witness a detective, defendant Michael Carullo, who had not witnessed the purported transaction. Ibid. Over

plaintiff's objection, a Criminal Part judge found admissible Carullo's hearsay testimony and held "the record contained sufficient evidence to conclude that [plaintiff had] violated probation." Ibid. He sentenced plaintiff to five years in prison with a two-and-one-half-year parole disqualifier. Ibid.

On January 23, 2018, a jury acquitted plaintiff of the criminal offenses charged in connection with the purported 2014 narcotics transaction. According to plaintiff, he already had been released from custody on the VOP sentence when the jury acquitted him of the offenses on which the VOP was predicated.

In the interim, plaintiff appealed the VOP. We affirmed. State v. Mosley, No. A-3212-14 (Sept. 7, 2016). In a March 6, 2018 decision, the Supreme Court "reverse[d] the judgment of the Appellate Division that affirmed [plaintiff's] VOP charge." Mosley, 232 N.J. at 192. The Court found that by choosing to proceed first with the VOP charge, the State had to prove plaintiff had committed one of the new criminal charges and, thus, violated his probation. Id. at 191. The Court held the detective's hearsay testimony "was insufficient to prove the new underlying substantive offense that was the premise for [plaintiff's] probation violation and sentence." Id. at 174.

Following the Supreme Court's decision, a Middlesex County probation officer in a "Notice of Withdrawal" advised someone in "Criminal Records" that

"as of May 7, 2018," the county probation office was "withdrawing the [VOP] charges brought against [this] defendant." She asked that the "records be adjusted accordingly."

A Criminal Part judge conducted proceedings in the VOP case on April 30, 2018, and June 4, 2018. According to a September 5, 2018 letter from plaintiff's counsel in the VOP case, the judge had "declined to issue an order reflecting the Supreme Court's vacation of [plaintiff's] sentence or probation's withdrawal of the [v]iolation." In the letter, counsel asked the judge to issue "an updated [j]udgment of [c]onviction that more clearly reflects the outcome of this complicated situation." Counsel suggested the corrected judgment of conviction state "[t]he finding that defendant violated probation is vacated." On October 17, 2018, the judge issued an amended judgment of conviction, which incorrectly indicated plaintiff had pleaded guilty and did not include counsel's proposed language about vacating the finding defendant had violated the terms of his probation.

On October 13, 2020, plaintiff filed a forty-three-page complaint in the Law Division in the Middlesex Vicinage against defendants State of New Jersey, Prosecutor Andrew Carey, Assistant Prosecutor Tzvi Dolinger, and Assistant Prosecutor Bina Desai (collectively, the State defendants); Township of Edison,

Officer Charles Zundel, and Detective Michael Carullo (collectively, the Township defendants); the County of Middlesex; and various fictitious defendants. The factual predicate of the complaint was plaintiff's 2014 arrest and the subsequent prosecutions of him based on the narcotics and VOP charges.

Plaintiff's fifteen-count complaint included ten state-law claims and five federal-law claims. Plaintiff labeled his state-law claims as follows: "False Arrest/False Imprisonment" (count I); "Injurious Falsehood" (count II); "Libel/Libel Per Se" (count III); "Slander/Slander Per Se" (count IV); "Negligence" (count V); "Conspiracy" (count VI); "Intentional Infliction of Emotional Distress" (count VII); "Negligent Infliction of Emotional Distress" (count VIII); "Negligent Hiring, Supervision or Retention" (count IX); and "N.J. Civil Rights Conspiracy," pursuant to the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 to -2 (count X). In counts I, II, V, VI, X, XI, and XIII through XV, plaintiff expressly alleged defendants had "falsely, illegally, maliciously and unconstitutionally prosecut[ed him] for a crime he did not commit."

In his federal-law claims, plaintiff alleged defendants had violated 42 U.S.C. § 1983 in causes of action he described as: "False Arrest/False Imprisonment" (count XI); "False Statement in Accusatory Instrument" (count

6

XII); "Abuse of Process" (count XIII); "Conspiracy to Violate Plaintiff's Civil Rights" (count XIV); and "Negligent Failure to Prevent Civil Rights Violation" (count XV). The Township defendants removed the case to the United States District Court for the District of New Jersey based on federal-question jurisdiction.

On August 31, 2022, a federal judge issued an order and written opinion granting Middlesex County's motion for judgment on the pleadings and granting in part the motions to dismiss filed by the other defendants. The judge dismissed with prejudice all claims against the County; dismissed with prejudice all federal claims against the State defendants based on their respective immunities; dismissed with prejudice as time-barred the federal causes of action for false arrest and false imprisonment (count XI) and false statement in an accusatory instrument (count XII) against the Township defendants; dismissed without prejudice as premature the federal causes of action for abuse of process (count XIII), conspiracy to violate plaintiff's civil rights (count XIV) and negligent failure to prevent a civil-rights violation (count XV) against the Township defendants; and remanded the state-law claims against the State defendants and the Township defendants.

7

In a written opinion, the federal judge found the prosecution for the "narcotics charges" had "terminated without a conviction . . . on January 23, 2018," and the VOP prosecution had terminated on March 6, 2018, with the issuance of the Supreme Court opinion. The judge noted the Criminal Part judge had "entered an Amended Judgment of Conviction consistent with the New Jersey Supreme Court ruling but [had] not enter[ed] an amended judgment vacating the violation of probation." The judge referenced plaintiff's "malicious prosecution-related claims" and applied federal law to determine when they accrued. The judge held the accrual date was "the date the violation of probation charge 'ended without a conviction,'" quoting Thompson v. Clark, 596 U.S. 36, 49 (2022). The judge determined that date was March 6, 2018, when our Supreme Court had issued its VOP decision, because "[p]laintiff's rights were clarified by the New Jersey Supreme Court's decision, not by the [October 17, 2018] amendment of [the] judgment." The judge held the federal causes of action for false arrest and false imprisonment (count XI) and false statement in an accusatory instrument (count XII) against the Township defendants accrued on March 6, 2018, and, thus, were untimely by March 6, 2020. The judge dismissed those claims with prejudice.

8

The judge found the federal causes of action for abuse of process (count XIII), conspiracy to violate plaintiff's civil rights (count XIV), and negligent failure to prevent a civil-rights violation (count XV) against the Township defendants "accrued upon the state trial court's alleged failure to correctly amend [p]laintiff's [j]udgment of [c]onviction; as such, they accrued on October 17, 2018, and thus were timely by the date of filing the complaint, October 13, 2020." The judge found those claims to be premature because "[a]t this point . . . the allegedly incorrect [j]udgment of [c]onviction has not yet been declared invalid by a state tribunal." The judge held those claims would remain "premature until the amended [j]udgment of [c]onviction is found invalid." The judge dismissed those claims without prejudice.

On September 7, 2022, after the remand, the Middlesex Vicinage assignment judge, sua sponte, transferred the case to the Somerset Vicinage to "avoid the appearance of impropriety in accordance with . . . Court Rules, Codes, Policies and/or Directives." The Township defendants filed an answer.[1]

---

[1] We note the Township defendants did not include a separate defense in which they contended plaintiff's claims were time-barred. See Dynasty Bldg. Corp. v. Ackerman, 376 N.J. Super. 280, 286 (App. Div. 2005) ("[T]he running of the statute of limitations is an affirmative defense that must be raised in the defendant's answer."). But see Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 500 (2006) ("the defense that a claim is time-barred must be raised by way of an

On November 29, 2022, the State defendants moved to dismiss plaintiff's complaint with prejudice pursuant to Rule 4:6-2(e), arguing plaintiff's claims that were the state-law counterparts of his dismissed federal claims also should be dismissed with prejudice as time barred for the same reasons the federal court had dismissed the federal claims. The State defendants reasserted immunity arguments they had raised successfully in federal court and argued plaintiff had failed to file the required notice pursuant to the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. In response, plaintiff characterized his claims as malicious-prosecution claims, which he contended were subject to a six-year statute of limitations and, thus, were not time barred.

On February 15, 2023, a Civil Part judge placed a decision on the record granting the motion. The judge adopted and incorporated into his opinion the federal judge's opinion. The judge characterized as "particularly unusual" the decision to prosecute the VOP charge before the narcotics charges were resolved. The judge found the VOP prosecution had ended with the Supreme

---

affirmative defense, either in a pleading or by a timely motion, or it is waived") (emphasis added). The Township defendants raised a statute-of-limitation defense in their dismissal motion in federal court and in their summary-judgment motion in Superior Court. Plaintiff has not argued in the trial court or this court that the Township defendants cannot raise a statute-of-limitations defense based on their failure to plead in their answer a separate defense premised on it.

A-1397-23

Court's March 6, 2018 decision. The judge, however, recognized that, "importantly for this [c]ourt, on October 17th, 2018, as a result of the Supreme Court decision, the matter was returned to the trial court to [enter] an amended judgment of conviction." The judge found correct plaintiff's assertion that the October 17, 2018 amended judgment "continued to falsely reflect that [plaintiff] had pled guilty to a [VOP,] which is clearly false." The judge described the amended judgment as "wrong, inadequate and, frankly, appalling for a number of reasons." The judge detailed other inaccuracies in the amended judgment, including that "[i]t should read, per the Court's order, . . . the VOP . . . is vacated."

The judge applied a two-year statute of limitations to all of plaintiff's claims. Except for the libel and slander claims, the judge adopted the federal court's accrual date of March 6, 2018, finding plaintiff knew or should have known he had a cause of action "for the underlying malicious[-]prosecution claims" when the Supreme Court released its decision. The judge consequently dismissed counts I, II, and V through X with prejudice as time-barred.

The judge held the accrual date for the libel and slander claims, which he described as "relat[ing] to the judgment of conviction," was October 17, 2018, the date of the amended judgment of conviction. Finding the libel and slander

11

claims would survive the two-year statute of limitations, the judge held those claims were subject to and barred by the TCA because plaintiff had not provided notice of his claim within ninety days of the accrual date as required by N.J.S.A. 59:8-8. Consequently, the judge dismissed counts III and IV "for failure to file a notice of tort claim."

On February 16, 2023, the judge entered an order granting the motion and dismissing with prejudice the complaint as to the State defendants. Plaintiff moved for reconsideration. The judge heard argument and denied the motion in an order entered on April 14, 2023.

While the reconsideration motion was pending, plaintiff moved in the Criminal Part to dismiss the VOP and to correct the judgment of conviction. In an order entered on April 14, 2023, a Criminal Part judge granted the motion, vacated the judgment of conviction, dismissed with prejudice the VOP, and deemed plaintiff's probationary term "terminated by way of [plaintiff] successfully completing same." The judge sent a copy of the order to counsel that day attached to an email in which he stated:

> [The order] accounts for the fact that the Court vacated the . . . conviction on the VOP via its decision in State v. Mosley.
>
> It also serves as the Court Order reflecting same as none was ever filed before documenting this decision.

> This [o]rder also corrects and eliminates the "[judgment of conviction]" filed before and after the Court's decision since neither of them accurately reflected the status of this case after the Court's decision (i.e., you cannot have a "[judgment of conviction]" on a conviction that was vacated).
>
> A Judgment of Dismissal cannot be entered on this case as this case was brought to an end by [plaintiff] successfully completing his term of probation he was originally sentenced to.
>
> This case was a tragedy and injustice of EPIC proportions. My hope is that this [o]rder will finally bring it to an end, though I suspect [plaintiff] will have to live with [an] unpleasant memory for the rest of his life.

Nothing in the record indicates the State appealed from that order.

On May 19, 2023, plaintiff's counsel sent the Tort Claims Unit of the State's Department of Treasury and defense counsel a notice of claim submitted pursuant to the TCA. In the notice, he named all defendants. He identified claims under state law: malicious prosecution, conspiracy to maliciously prosecute, intentional infliction of emotional distress, negligent infliction of emotional distress, civil rights conspiracy, and negligent hiring, supervision or retention. He also identified claims under federal law: malicious prosecution, conspiracy to defame and violate civil rights, and negligent failure to prevent civil rights violation. Counsel asserted the April 14, 2023 Criminal Part order

13

"trigger[ed] a new accrual date on many of [plaintiff's f]ederal and [s]tate claims as well as raising new ones."

Before discovery was completed, the Township defendants moved for summary judgment. The Township defendants disputed any wrongdoing and argued the March 6, 2018 accrual date found by the judge who had granted the State defendants' dismissal motion applied equally to the claims against the Township defendants. Plaintiff opposed the motion, arguing it was premature, defense counsel's representation of the Township and individually named defendants was improper; and April 14, 2023, was the "true accrual date" of plaintiff's claims because that was the date the Criminal Part order was entered, vacating the judgment of conviction and dismissing the VOP.

A different Civil Part judge heard argument on the Township defendants' motion, granted it, and dismissed with prejudice plaintiff's claims against the Township defendants in an order and written opinion entered on December 1, 2023. The judge held malicious-prosecution claims have a six-year statute of limitations. The judge, however, found inapplicable plaintiff's accrual-date argument because it was premised on malicious-prosecution law and the judge believed plaintiff had "not filed a separate malicious[-]prosecution claim." Citing the law-of-the-case doctrine, the judge adopted the March 6, 2018 accrual

date found by the federal judge and the other Civil Part judge for plaintiff's non-defamation claims set forth in counts I, II, and V through X and held those claims were time-barred. The judge premised the dismissal of plaintiff's civil conspiracy claim set forth in count X also because "[t]here [was] no evidence that would suggest that any of the [d]efendants engaged in conduct that would indicate the existence of an agreement or collusion that was intended to deprive [p]laintiff of his rights." Like the other Civil Part judge, the judge found the libel and slander claims in counts III and IV accrued on October 17, 2018, and granted the motion as to those claims because plaintiff had failed to serve a notice of claim within the timeframe required by the TCA.

This appeal followed. Plaintiff argues the Civil Part judges erred in applying a two-year, instead of a six-year, statute of limitations to his malicious-prosecution claims and in holding those claims accrued on March 6, 2018, when the Supreme Court issued its VOP decision, instead of April 14, 2023, when the Criminal Part judge ended the VOP prosecution successfully in plaintiff's favor by issuing an order vacating the judgment of conviction and dismissing with prejudice the VOP. Plaintiff also argues the judges erred in dismissing his libel and slander claims because he failed to file timely a notice of claim under the TCA. Plaintiff asks us to reverse the February 16, 2023, April 14, 2023, and

15

December 1, 2023 orders in their entirety; remand the case to the Middlesex Vicinage, not the Somerset Vicinage; and to direct the trial court "not to allow counsel for the Edison Township defendants to engage [in] multiple representation . . . ."

The State defendants contend we should affirm the orders because the Civil Part judges were correct and for additional reasons not addressed by those judges, such as defendants' asserted immunities. The Township defendants argue we should affirm the orders because the judges were correct and because plaintiff has not asserted a malicious-prosecution claim.

## II.

This appeal turns largely on a determination of the nature of plaintiff's claims and what accrual dates apply to those claims.

The Township defendants contend and one of the Civil Part judges concluded plaintiff had "not filed a separate malicious[-]prosecution claim." Their view of plaintiff's claims is too narrow. "It is not the label placed on the action that is pivotal but the nature of the legal inquiry." Couri v. Gardner, 173 N.J. 328, 340 (2002). It was incumbent on the judge to go beyond the labels placed on the causes of action. A review of plaintiff's claims demonstrates

A-1397-23

clearly that most of them are premised on plaintiff's assertion defendants maliciously prosecuted him for the alleged narcotics violations and the VOP.

"Malicious prosecution provides a remedy for harm caused by the institution or continuation of a criminal action that is baseless." LoBiondo v. Schwartz, 199 N.J. 62, 89 (2009); see also Lind v. Schmid, 67 N.J. 255, 262 (1975) (finding "one who recklessly institutes criminal proceedings without any reasonable basis should be responsible for such irresponsible action"). As we noted, plaintiff expressly alleged defendants had "falsely, illegally, maliciously and unconstitutionally prosecut[ed him] for a crime he did not commit" in counts I, II, V, VI, and X. Plaintiff may not have used the phrase "malicious prosecution" in the remaining counts, but his claims in those counts appear to be premised in part on plaintiff's allegations defendants engaged in conduct amounting to malicious prosecution.

Thus, contrary to the second Civil Part judge's conclusion, plaintiff clearly pleaded malicious-prosecution claims. The question is: when did those claims accrue? "Malicious prosecution requires the plaintiff to prove four elements: (1) a criminal action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; and (4) the action was terminated favorably to the plaintiff."

LoBiondo, 199 N.J. at 90. "[E]ach element must be proven, and the absence of any one of these elements is fatal to the successful prosecution of the claim." Ibid.

"It is not appropriate to institute a [malicious-prosecution] suit . . . until the litigation has terminated in favor of the party who asserts the malicious[-] prosecution cause of action." Penwag Prop. Co. v. Landau, 76 N.J. 595, 598 (1978). A favorable termination of a malicious-prosecution claim entails "a determination that plaintiffs were innocent of the criminal behavior charged or entitled to an acquittal." Freeman v. State, 347 N.J. Super. 11, 27 (App. Div. 2002). "The inquiry thus focuses on whether the termination was or was not dispositive as to the accused's innocence of the crime for which he was charged." Rubin v. Nowak, 248 N.J. Super. 80, 83 (App. Div. 1991).

We affirm the dismissal of any of plaintiff's claims premised on the purportedly malicious prosecution of the narcotics charges. That criminal action was terminated favorably to plaintiff when the jury rendered its verdict acquitting him of all charges on January 23, 2018, and that is when any malicious-prosecution claim based on that criminal prosecution accrued. Nothing in the record indicates that case continued after the jury's acquittal.

Even under a six-year statute of limitations, plaintiff's claims based on that prosecution were untimely. Those claims were properly dismissed.

The parties disagree on when the malicious-prosecution claims based on the VOP accrued. Plaintiff asserts they accrued on April 14, 2023, when the Criminal Part judge entered an order vacating the VOP judgment of conviction and dismissing the VOP with prejudice. Defendants assert the claims accrued on March 6, 2018, contending the VOP case ended when the Supreme Court issued its decision on that date. And maybe it should have ended then. But the reality is that it didn't.

After the Supreme Court issued its opinion, a Middlesex County probation officer sent a "Notice of Withdrawal" to someone in "Criminal Records." The Criminal Part conducted additional proceedings, which resulted in an October 17, 2018 amended judgment of conviction that incorrectly stated plaintiff had pleaded guilty and failed to include requested language vacating the finding that defendant had violated the terms of his probation. One Civil Part judge characterized that judgment as "wrong, inadequate, and, frankly, appalling for a number of reasons." The Criminal Part judge criticized it because it did not "accurately reflect[] the status of this case."

19

Given that procedural history, we are convinced the malicious-prosecution claims based on the VOP accrued on April 14, 2023, when the Criminal Part judge entered an order that terminated the litigation and was beyond question "dispositive as to the accused's innocence of the crime for which he was charged." Rubin, 248 N.J. Super. at 83. With that accrual date, the claims are timely under either a two-year or six-year statute of limitations. Accordingly, we reverse the aspect of the orders dismissing the VOP malicious-prosecution claims.

But not all of plaintiff's claims are malicious-prosecution claims. In counts III and IV, plaintiff alleges defendants made false statements about him. The judges dismissed those claims, concluding plaintiff had failed to file a timely notice of claim under the TCA. We affirm the dismissal of those claims but for a different reason. See T.B. v. Novia, 472 N.J. Super. 80, 93 (App. Div. 2022) (noting "appeals are taken from orders and judgments, not a trial judge's statement of reasons or written decisions").

The first Civil Part judge applied a two-year statute of limitations to all of plaintiff's claims, including the libel and slander claims. The second Civil Part judge apparently adopted that holding as to the libel and slander claims. However, "[c]laims for defamation are subject to the one-year statute of

limitations imposed by N.J.S.A. 2A:14-3, and must be filed within one year after the publication of the alleged libel or slander." Smith v. Datla, 451 N.J. Super. 82, 93 (App. Div. 2017); see also N.J.S.A. 2A:14-3 ("[e]very action at law for libel or slander shall be commenced within [one] year next after the publication of the alleged libel or slander"). The statements about which plaintiff complains were made and published more than one year before plaintiff filed the complaint. Thus, his slander and libel claims are barred by the applicable one-year statute of limitations. For that reason, we affirm the dismissal of counts III and IV of the complaint.

In count X, plaintiff asserted a claim under the NJCRA, alleging defendants had engaged in conduct that deprived him of various rights. "[T]he NJCRA provides a means of vindicating substantive rights guaranteed by federal law and New Jersey's constitution and laws and is not a source of rights itself." Lapolla v. Cnty. of Union, 449 N.J. Super. 288, 306 (App. Div. 2017). "The statute of limitations for claims under the NJCRA is two years." Id. at 298 (citing N.J.S.A. 2A:14-2(a)). A civil-rights action based on a malicious-prosecution claim accrues when the malicious-prosecution claim accrues. Freeman, 347 N.J. Super. at 24-26. Some of the conduct alleged by plaintiff directly related to his VOP malicious-prosecution claims. Because that aspect

of plaintiff's NJCRA claim had the same accrual date as his VOP malicious-prosecution claims, it was not barred by the applicable two-year statute of limitations and the judges erred in dismissing it on that basis.

In his merits brief, plaintiff addresses only the dismissal of his malicious-prosecution, defamation, and NJCRA claims. Plaintiff does not argue any other aspects of his dismissed claims were timely and legally viable.[2] Accordingly, he has waived any such arguments. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived."). During oral argument before this court, plaintiff's counsel contended plaintiff's causes of action were grounded in malicious prosecution and that the judges erred in dismissing those claims as untimely based on an incorrect accrual date. We agree that parts of counts I, II, and V through X appear to be grounded in

---

[2] For example, in count I, plaintiff alleged defendants falsely arrested him, falsely imprisoned him, and maliciously prosecuted him. A claim for false arrest and false imprisonment is distinct from a malicious-prosecution claim. Freeman, 347 N.J. Super. at 24. Claims for false arrest and imprisonment must be brought within two years. Earl v. Winne, 14 N.J. 119, 132 (1953) ("We have concluded that an action for false imprisonment must be brought within two years . . . ."); see also Velez v. City of Jersey City, 180 N.J. 284, 295 (2004). A claim for false arrest accrues on the date of the arrest. Pisano v. City of Union City, 198 N.J. Super. 588, 593 (Law Div. 1984). Plaintiff filed the complaint more than six years after his arrest and more than two years after his release from custody. Plaintiff does not argue his false arrest and imprisonment claims are timely or legally viable.

malicious prosecution and that the judges erred in applying an incorrect accrual date to the VOP malicious-prosecution-based claims and in dismissing those claims as untimely.

We note the second Civil Part judge granted summary judgment on plaintiff's "civil conspiracy" claims in counts VI and X on statute-of-limitations grounds, which we already have addressed, and because "[p]laintiff ha[d] not offered evidence that would indicate that the [d]efendants in any way colluded or agreed in a manner that would establish a civil conspiracy claim under either New Jersey common law or N.J.S.A. 10:6-2." The judge erred in granting summary judgment on a lack-of-evidence basis when discovery had not been completed or, as plaintiff asserts, even begun. See Friedman v. Martinez, 242 N.J. 449, 472 (2020) ("It is 'inappropriate to grant summary judgment when discovery is incomplete and critical facts are within the moving party's knowledge.'" (quoting James v. Bessemer Processing Co., 155 N.J. 279, 311 (1998)) (internal quotation marks omitted)).

Because the Civil Part judge who ruled on the State's motion did not decide the issues raised in Points V and VI of the State defendant's brief, we decline to decide those issues on appeal. State v. Robinson, 200 N.J. 1, 19 (2009) ("[t]he jurisdiction of appellate courts rightly is bounded by the proofs

and objections critically explored on the record before the trial court by the parties themselves"). We find insufficient merit in the arguments plaintiff raises in Point IV of his brief to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

In sum, we conclude the second Civil Part judge erred in finding plaintiff had not filed a malicious-prosecution claim and both judges erred in applying an incorrect accrual date to plaintiff's VOP malicious-prosecution-based claims and dismissing them as untimely. Thus, we reverse the aspects of the February 16, 2023, April 14, 2023, and December 1, 2023 orders dismissing the VOP malicious-prosecution-based claims alleged in counts I, II, and V through X. We otherwise affirm. We remand the case for proceedings regarding the VOP malicious-prosecution-based claims alleged in counts I, II, and V through X consistent with this opinion.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1397-23