[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15428
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2005
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 01-01414-CV-MHS-1 and 01-01749-CV-MHS

QUEEN STARKS,

Plaintiff-Appellant,

LEVI BREEDLOVE

Movant-Appellant,

versus

MCCALLA, RAYMER, PADRICK,
COBB, NICHOLS & CLARK, LLC,
CHRISSA HAMMOND, in official
capacity and personally, et. al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 10, 2005)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

In an earlier opinion, this Court affirmed in part, and vacated and remanded in part the district court's imposition of sanctions against Levi Breedlove for the submission of a fraudulent letter into the record. We affirmed the imposition of sanctions, but vacated and remanded because the district court failed to consider Breedlove's financial state prior to determining the proper amount of sanctions. On remand, the district court found Breedlove had the ability to pay $35,145.75 for the submission of the fraudulent letter. Also before the district court were two related matters not addressed in the appeal: (1) the appropriate amount of sanctions against Breedlove for filing a frivolous motion to stay, and (2) McCalla, Raymer, Padrick, Cobb, Nichols & Clark's (McCalla's) motion for an award of all attorneys' fees, costs, and expenses incurred in defending this suit. Breedlove appeals the district court's (1) award of sanctions in the amount of $43,890.83 against him (the amount of McCalla's expenses and attorneys' fees for the frivolous motion to stay), (2) award of non-monetary sanctions against him, and (3) finding he had the ability to pay a total of $79,036.58 ($35,145.75 plus $43,890.83) in sanctions.[1]

---

[1] In his initial brief, Breedlove also appeals a May 29, 2003 order denying Breedlove's request for a deposition and his Rule 60(b) motion. This order was not timely appealed and we do not address it.

Breedlove further appeals the district court's procedure for determining his ability to pay, including the district court's April 4, 2004 order requiring him to file with the court evidence of his current financial condition, a May 25, 2004 order allowing discovery on his financial

After a careful review of the record and the parties' briefs, we find the district court did not abuse its discretion and affirm for the reasons stated in the district court's well-reasoned September 30, 2004 order.[2]

**AFFIRMED.**

---

condition, and a June 30, 2004 order extending the time for McCalla to conduct discovery. We affirm the district court as to these issues.

[2] Even though Breedlove no longer represents his client Queen Starks, he appeals the sanctions against her as well. Of course, because he is not Starks' attorney, he lacks standing to challenge the sanctions against her. *See Smith v. South Side Loan Co.*, 567 F.2d 306, 307 (5th Cir. 1978).